# United States District Court

## FOR THE
E-filing **NORTHERN DISTRICT OF CALIFORNIA**

### VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

## C R v. 1 0    0 6 - 2

*RS*

Christopher Napoli, Daniel Johnson,
Salvatore Lamorte, Steven Paul, Jeffrey
Entel, Joseph Carozza, Jeffrey Herholz,
Darrell Creque, Michael Arnold, Diego
Podolsky Paes, and Dino Antonioni

DEFENDANT(S).

---

# INDICTMENT

COUNT ONE: 21 U.S.C. § 846 - Conspiracy to distribute Schedule
III and IV controlled substances.
COUNT TWO: 21 U.S.C. §§ 846 (a)(1) & (b)(2) - Possession with
intent to distribute and distribution of Schedule IV controlled
substance.
COUNT THREE: 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to
launder money.
COUNT FOUR: FORFEITURE

A true bill.

_____
                              Foreman

Filed in open court this _____ 31ˢᵗ _____ day of

_____ August   2010 _____.

_____
                              Clerk

Bail, $ _____

No process for all other defendant

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING

─── OFFENSE CHARGED ───
See Attached

E-filing

☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See Attached

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

┌─ DEFENDANT ─
CHRISTOPHER NAPOLI

DISTRICT COURT NUMBER

CR 10 0642

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form     MELINDA HAAG

☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     KIRSTIN M. AULT

─── DEFENDANT ───

IS *NOT* IN CUSTODY

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction     ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes     If "Yes"
been filed?  ☐ No     give date filed

DATE OF
ARREST     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED
TO U.S. CUSTODY     Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT     Bail Amount:
If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:

## PENALTIES
## CHRISTOPHER NAPOLI

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 2 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

**OFFENSE CHARGED**

See Attached

☐ Petty

E-filing

☐ Minor

☐ Misde-
meanor

☑ Felony

PENALTY:
See Attached

**DEFENDANT**

▶ DANIEL JOHNSON

DISTRICT COURT NUMBER

CR 10 0642

RS

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:

SHOW
DOCKET NO.

☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   KIRSTIN M. AULT

**DEFENDANT**

**IS *NOT* IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction   ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes"
been filed?   ☐ No   give date
filed

DATE OF ▶   Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:_____   Before Judge:_____

Comments:

## PENALTIES
## DANIEL JOHNSON

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 2 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT

☐ SUPERSEDING

─── **OFFENSE CHARGED** ───

See Attached

E-filing

☐ Petty

☐ Minor

☐ Misde-meanor

☑ Felony

PENALTY:
See Attached

─── Name of District Court, and/or Judge/Magistrate Location ───

NORTHERN DISTRICT OF CALIFORNIA

┌─── **DEFENDANT** ───

▶ SALVATORE LAMORTE

DISTRICT COURT NUMBER

CR 10 0642

─── **DEFENDANT** ───

─── **PROCEEDING** ───

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form MELINDA HAAG

☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned) KIRSTIN M. AULT

**IS *NOT* IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

} ☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes been filed? ☐ No

} If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Comments:

Bail Amount:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____ Before Judge: _____

## PENALTIES
## SALVATORE LAMORTE

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1 & 4 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 2, 5-8 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3 & 9 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT

☐ SUPERSEDING e-filing

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

─── OFFENSE CHARGED ───

See Attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See Attached

**DEFENDANT**

▶ STEVEN PAUL

DISTRICT COURT NUMBER

CR 10 0642 RS

**DEFENDANT**

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

SHOW DOCKET NO.

☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  MELINDA HAAG

☑ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  KIRSTIN M. AULT

**IS NOT IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction  ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes  If "Yes" give date filed
been filed? ☐ No

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT  Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  Before Judge:

Comments:

## PENALTIES
## STEVEN PAUL

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1, 10 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3, 12 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
         ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
### NORTHERN DISTRICT OF CALIFORNIA

— OFFENSE CHARGED —
See Attached

   ☐ Petty
   ☐ Minor
   ☐ Misde-meanor
   ☑ Felony

PENALTY:
See Attached

— DEFENDANT —

► JEFFREY ENTEL

DISTRICT COURT NUMBER

CR 10 00642

— DEFENDANT —

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  MELINDA HAAG

☑ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  KIRSTIN M. AULT

### IS *NOT* IN CUSTODY
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
        ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ►
Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ►
Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

Bail Amount: NO BAIL

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____ Before Judge: _____

Comments:

## PENALTIES
## JEFFREY ENTEL

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1, 10 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 11 | 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(D) & (b)(2) - Attempted possession with intent to distribute and distribution of Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3, 12 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| 13 | 18 U.S.C. § 1956(a)(2)(A) - International money laundering | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

—— **OFFENSE CHARGED** ——

See Attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See Attached

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

E-filing

—— DEFENDANT ——
► JOSEPH CAROZZA

DISTRICT COURT NUMBER

10 0642

—————————— **DEFENDANT** ——————————

—————— **PROCEEDING** ——————

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY  ☐ DEFENSE

**SHOW
DOCKET NO.**

☐ this prosecution relates to a
pending case involving this same
defendant

**MAGISTRATE
CASE NO.**

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form  MELINDA HAAG

☑ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)  KIRSTIN M. AULT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior
summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes"
been filed?  ☐ No    give date
filed

**DATE OF
ARREST**  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**  Month/Day/Year

☐ This report amends AO 257 previously submitted

—————— **ADDITIONAL INFORMATION OR COMMENTS** ——————

**PROCESS:**
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                    Before Judge:

Comments:

**PENALTIES**
**JOSEPH CAROZZA**

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 2 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
|  | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☐ SUPERSEDING E-filing

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

—— OFFENSE CHARGED ——
See Attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See Attached

CR 10 0642 RS

—— DEFENDANT ——

► JEFFREY HERHOLZ

DISTRICT COURT NUMBER

—— DEFENDANT ——

—— PROCEEDING ——

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of: | SHOW DOCKET NO.
☐ U.S. ATTORNEY ☐ DEFENSE |

☐ this prosecution relates to a pending case involving this same defendant | MAGISTRATE CASE NO.
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under |

Name and Office of Person Furnishing Information on this form    MELINDA HAAG

☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    KIRSTIN M. AULT

### IS NOT IN CUSTODY

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes   If "Yes" give date filed } ☐ No

DATE OF ARREST ►    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ►    Month/Day/Year

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

## PENALTIES
## JEFFREY HERHOLZ

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1 & 4 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 2 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3 & 9 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

E-filing

─── **OFFENSE CHARGED** ───

See Attached

☐ Petty

☐ Minor

☐ Misde-
meanor

☑ Felony

PENALTY:
See Attached

─── **DEFENDANT** ───

▶ DARRELL CREQUE

DISTRICT COURT NUMBER

CR 10 06-2 RS

─────────── **DEFENDANT** ───────────

## IS *NOT* IN CUSTODY

1) ☑ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

─── **PROCEEDING** ───

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:

**SHOW
DOCKET NO.**

☐ U.S. ATTORNEY ☐ DEFENSE

}

☐ this prosecution relates to a
pending case involving this same
defendant

**MAGISTRATE
CASE NO.**

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

}

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    KIRSTIN M. AULT

## IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

}  ☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes
been filed?    ☐ No

}

If "Yes"
give date
filed

**DATE OF
ARREST**    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**    Month/Day/Year

☐ This report amends AO 257 previously submitted

─────────── **ADDITIONAL INFORMATION OR COMMENTS** ───────────

PROCESS:

☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:

☐ Arraignment ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                   Before Judge:

Comments:

## PENALTIES
## DARRELL CREQUE

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1 & 4 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 2 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |


AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
           ☐ SUPERSEDING

**OFFENSE CHARGED**
See-Attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See Attached

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

E-filing

**DEFENDANT**
▶ MICHAEL ARNOLD

DISTRICT COURT NUMBER
*RS*
CR 10 0642

**DEFENDANT**

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:    SHOW DOCKET NO.
    ☐ U.S. ATTORNEY ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant    MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   KIRSTIN M. AULT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction    ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes" give date filed
been filed? ☐ No

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:     Before Judge:

Comments:

**PENALTIES**
**MICHAEL ARNOLD**

| Count | Charge | Penalties |
|-------|--------|-----------|
| 4 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 5-8 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 9 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

E-filing

—— **OFFENSE CHARGED** ——
See Attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See Attached

—— **DEFENDANT** ——
▶ DIEGO PODOLSKY PAES

**DISTRICT COURT NUMBER**
CR 10 0642 RS

—— **PROCEEDING** ——

Name of Complainant Agency, or Person (& Title, if any)
DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
}  SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
}  MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form  MELINDA HAAG
☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  KIRSTIN M. AULT

—— **DEFENDANT** ——

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
}  ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
}  If "Yes" give date filed

**DATE OF ARREST** ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

—— **ADDITIONAL INFORMATION OR COMMENTS** ——

**PROCESS:**
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT    Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments: _____

## PENALTIES
## DIEGO PODOLSKY PAES

| Count | Charge | Penalties |
|-------|--------|-----------|
| 4 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 5-8 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 9 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
|  | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT

☐ SUPERSEDING

─ OFFENSE CHARGED ─

See Attached

☐ Petty
☐ Minor
☐ Misde-
    meanor
☑ Felony

PENALTY:
See Attached

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

E-filing

─ DEFENDANT ─

▶ DINO ANTONIONI

DISTRICT COURT NUMBER

CR 10 0642

DEFENDANT

─ PROCEEDING ─

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form MELINDA HAAG

☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned) KIRSTIN M. AULT

**IS NOT IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding.
    If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No

If "Yes" give date filed

DATE OF ARREST ▶

Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶

Month/Day/Year

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

## PENALTIES
## DINO ANTONIONI

| Count | Charge | Penalties |
|-------|--------|-----------|
| 10 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 11 | 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(D) & (b)(2) - Attempted possession with intent to distribute and distribution of Schedule III and IV controlled substance | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 12 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| 13 | 18 U.S.C. § 1956(a)(2)(A) - International money laundering | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2

3

4
                            E-filing
5

6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA                    RS

10                    SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,          C R No. 1 0    0 6 4 2
                                        )
12         Plaintiff,                    )   VIOLATIONS:
                                         )   21 U.S.C. § 846 – Conspiracy to Possess
13    v.                                 )   with Intent to Distribute and to Distribute
                                         )   Controlled Substances [3 Counts];
14  CHRISTOPHER NAPOLI,                  )
    DANIEL JOHNSON,                      )   21 U.S.C. § 841(a)(1)  –  Possession with
15  SALVATORE LAMORTE,                   )   Intent to Distribute and Distribution of
    STEVEN PAUL,                         )   Controlled Substances [5 Counts];
16  JEFFREY ENTEL,                       )
       a/k/a "Yeury Amarante," "Jerry    )   21 U.S.C. § 846 – Attempted Possession
17     Amarante,"                        )   with Intent to Distribute Controlled
    JOSEPH CAROZZA,                      )   Substances [1 Count]
18  JEFFREY HERHOLZ,                     )
    DARRELL CREQUE,                      )   18 U.S.C. § 1956(h) - Conspiracy to
19  MICHAEL ARNOLD,                      )   Launder Money [3 Counts];
       a/k/a"Mike Johnston,"             )
20  DIEGO PODOLSKY PAES,                 )   18 U.S.C. § 1956(a)(2)(A) - International
       a/k/a "Juan Montes," and          )   Money Laundering [1 Count]
21  DINO ANTONIONI,                      )
                                         )   21 U.S.C. § 853 - Criminal Forfeiture (Drug
22         Defendants.                   )   Trafficking) [3 Counts]
                                         )
23                                       )   18 U.S.C. § 982 - Criminal Forfeiture
                                         )   (Money Laundering) [3 Counts]
24                                       )
                                         )   SAN FRANCISCO VENUE
25                                       )
                                         )
26

27                       I N D I C T M E N T

28  The Grand Jury charges:


    INDICTMENT

1

INTRODUCTION

2

At all times relevant to this Indictment, unless otherwise indicated:

3

I. Safescripts Online Conspiracy

4

1. Defendants Christopher NAPOLI and Daniel JOHNSON, together with others,

5 created and operated a number of Internet pharmacy websites, including but not limited to

6 SafescriptsOnline.com and PharmacyUSAmeds.com (collectively, "Safescripts Online").

7 Through those websites, NAPOLI and the other co-conspirators offered to sell to the public

8 various drugs, including controlled substances such as: (a) phendimetrazine, a Schedule III

9 controlled substance; (b) diazapam (also known as Valium), a Schedule IV controlled substance;

10 (c) phentermine, a Schedule IV controlled substance; and (d) clonazepam, a Schedule IV

11 controlled substance (collectively, the "Controlled Substances"). NAPOLI and his co-

12 conspirators permitted customers to provide their credit card information and required them to

13 complete brief on-line questionnaires before ordering specific drugs, including the Controlled

14 Substances. Customers were not required to submit a valid form of identification or a valid

15 prescription for the Controlled Substances they ordered.

16

2. Defendant JOSEPH CAROZZA was a medical doctor licensed only in the State of

17 New York. As part of the conspiracy, several doctors, including CAROZZA, approved customer

18 orders for controlled substances for Safescripts Online that were not for a legitimate medical

19 purpose and when the doctor was not acting in the usual course of his or her professional

20 practice.

21

3. The completed on-line questionnaires were made available by Safescripts Online

22 to, among others, defendant CAROZZA, who purported to review the on-line questionnaires and

23 approve a prescription for the Controlled Substances requested by the customers. The on-line

24 questionnaires asked the customers to briefly describe their medical history. At no time during

25 the questionnaire review process did defendant CAROZZA or any other approving physician

26 physically examine or obtain a complete medical history from the customers. Nor did

27 CAROZZA or any other approving physician make any effort to confirm the accuracy of the

28 information provided by the customers in the on-line questionnaires. Rather, after purportedly

INDICTMENT 2

reviewing only the customers' on-line questionnaires, defendant CAROZZA or another approving physician authorized a purported prescription for the Controlled Substances requested by the customers.

4. After defendant CAROZZA or another approving physician authorized a purported prescription for the Controlled Substances, owners and employees of various fulfillment pharmacies in various locations across the United States accessed the Safescripts Online computer program to locate customer orders for which CAROZZA or another approving physician purportedly authorized prescriptions. Those fulfillment pharmacies then filled and shipped the Controlled Substances to the customers.

5. Defendant Salvatore LAMORTE acted as a consultant to Internet and fulfillment pharmacies, including Safescripts Online. In this role, defendant LAMORTE assisted Safescripts Online by locating and negotiating with fulfillment pharmacies that agreed to fill drug orders from Safescripts Online. Defendant LAMORTE also assisted fulfillment pharmacies that filled for Safescripts Online by providing technical and practical advice, training and assistance, thereby allowing the fulfillment pharmacies to operate more efficiently and fill more orders for Safescripts Online. LAMORTE was paid a commission for his services.

6. Defendant Steven PAUL acted as an agent for credit card processors and assisted Safescripts Online with obtaining credit card processing services. NAPOLI and his co-conspirators caused the credit card processors to charge sales of the Controlled Substances to the credit cards provided by the customers. The customers' funds were transferred from accounts in the United States to a bank in Israel. Proceeds from the credit card sales were wire transferred from the bank in Israel to bank accounts controlled by defendant NAPOLI in the United States.

7. Defendant Jeffrey HERHOLZ owned and operated Kwic Fill, Inc. ("Kwic Fill"), a fulfillment pharmacy that filled drug orders for Safescripts Online as well as other Internet pharmacies. Defendant Darrell CREQUE acted as the pharmacist for Kwic Fill and filled orders for controlled substances that were not supported by valid prescriptions.

8. Daniel JOHNSON worked at Internet Commerce Corporation (ICC), also known as NTS. JOHNSON created, managed, maintained, and administered the database and computer

INDICTMENT                                3

1  programs that supported Safescripts Online. JOHNSON also operated affiliate marketing
2  websites that conducted marketing for and directed customers to Safescripts Online.

3  9. Defendant NAPOLI also owned and operated Discount U.S. Drugs, a fulfillment
4  pharmacy that filled drug orders for Safescripts Online.

5  10. The Controlled Substances were shipped to the customers via Federal Express,
6  United Parcel Service, or DHL under various account numbers held and used by defendant
7  NAPOLI and others.

8  11. Defendant NAPOLI collected the proceeds of the sale of the Controlled
9  Substances and paid defendants JOHNSON, LAMORTE, PAUL, ENTEL, HERHOLZ,
10 CAROZZA, and others for their participation in the conspiracy.

11 12. As part of the conspiracy, from September 30, 2005, to approximately December
12 of 2006, over $22 million was transferred from credit card processing accounts to bank accounts
13 controlled by NAPOLI.

14 13. As part of the conspiracy, defendant NAPOLI's online pharmacy Safescripts
15 Online distributed alprazolam, a Schedule IV controlled substance to K.V., who caused an
16 accident that killed her six-year-old daughter while she was under the influence of that controlled
17 substance. The order of alprazolam was approved by CAROZZA and filled by CREQUE at
18 HERHOLZ's pharmacy Kwic Fill.

19 II. Pitcairn Conspiracy

20 14. Defendants Michael ARNOLD and Diego Podolsky PAES, together with others,
21 created and operated a number of Internet pharmacy websites, including but not limited to
22 pitcairngroup.com, EZDietPills.net, Ezprescription.net, DoctorRefill.net, PharmacyBliss.net, and
23 Echorx.com (collectively, "Pitcairn"). Through those websites, ARNOLD, PAES, and the other
24 co-conspirators offered to sell to the public various drugs, including controlled substances such
25 as: (a) phendimetrazine, a Schedule III controlled substance; (b) diazapam (also known as
26 Valium), a Schedule IV controlled substance; (c) phentermine, a Schedule IV controlled
27 substance; and (d) clonazepam, a Schedule IV controlled substance (collectively, the "Controlled
28 Substances"). ARNOLD, PAES and their co-conspirators permitted customers to provide their

INDICTMENT                                    4

1  credit card information and required them to complete brief on-line questionnaires before
2  ordering specific drugs, including the Controlled Substances. Customers were not required to
3  submit a valid form of identification or a valid prescription for the Controlled Substances they
4  ordered.

5  15. Unindicted co-conspirator Alfred Valdivieso was a medical doctor licensed only
6  in the Commonwealth of Puerto Rico. As part of the conspiracy, several doctors, including
7  Valdivieso, approved customer orders for controlled substances that were not for a legitimate
8  medical purpose and when the doctor was not acting in the usual course of his or her professional
9  practice.

10  16. The completed on-line questionnaires were made available through Pitcairn to,
11  among others, unindicted co-conspirator Alfredo Valdivieso, who purported to review the on-line
12  questionnaires and approve a prescription for the Controlled Substances requested by the
13  customers. The on-line questionnaires asked the customers to briefly describe their medical
14  history. At no time during the questionnaire review process did Valdivieso or any other
15  approving physician physically examine and obtain a complete medical history from the
16  customers. Nor did Valdivieso or any other approving physician make any effort to confirm the
17  accuracy of the information provided by the customers in the on-line questionnaires. Rather,
18  after purportedly reviewing only the customers' on-line questionnaires, unindicted co-conspirator
19  Valdivieso or another approving physician authorized a purported prescription for the Controlled
20  Substances requested by the customers.

21  17. After Valdivieso or another approving physician authorized a purported
22  prescription for the Controlled Substances, owners and employees of various fulfillment
23  pharmacies in various locations across the United States accessed the Pitcairn computer program
24  in order to locate customer orders for which Valdivieso or another approving physician
25  purportedly authorized prescriptions. Those fulfillment pharmacies then filled and shipped the
26  Controlled Substances to the customers.

27  18. Defendant Salvatore LAMORTE acted as a consultant to Internet and fulfillment
28  pharmacies, including Pitcairn. In this role, defendant LAMORTE assisted Pitcairn by locating

INDICTMENT                                          5

1 and negotiating with fulfillment pharmacies that agreed to fill drug orders from Pitcairn.

2 Defendant LAMORTE also assisted fulfillment pharmacies that filled for Pitcairn by providing

3 technical and practical advice, training and assistance, thereby allowing the fulfillment

4 pharmacies to operate more efficiently and fill more orders for Pitcairn and other online

5 pharmacies. LAMORTE was paid a commission for his services.

6      19.     Defendant Jeffrey HERHOLZ owned and operated Kwic Fill, a fulfillment

7 pharmacy that filled drug orders for Pitcairn as well as other Internet pharmacies. Defendant

8 Darrell CREQUE acted as the pharmacist for Kwic Fill and filled orders for controlled

9 substances that were not supported by valid prescriptions.

10     20.     The Controlled Substances were shipped to the customers via Federal Express or

11 United Parcel Service under various account numbers held and used by defendants ARNOLD,

12 PAES, and others.

13     21.     Defendants PAES and ARNOLD obtained credit card processing services from

14 Optimal Payments. ARNOLD, PAES, and their co-conspirators caused the credit card

15 processors to charge sales of the Controlled Substances to the credit cards provided by the

16 customers. The customers' funds were transferred from accounts in the United States to a bank

17 in Canada. Proceeds from the credit card sales were wire transferred from the bank in Canada

18 through a corresponding account in the United States and deposited into bank accounts

19 controlled by defendants ARNOLD and PAES in foreign countries. Over $55 million in

20 proceeds from the sale of Controlled Substances was transferred from Optimal Payments to

21 accounts controlled by ARNOLD and PAES.

22     22.     Defendants ARNOLD and PAES collected the proceeds of the sale of the

23 Controlled Substances and paid defendant HERHOLZ, Valdivieso and others for their roles in

24 the conspiracy.

25     23.     On November 8, 2005, J.T. died as a result of overdosing on controlled substances

26 ordered from online pharmacies including Pitcairn, owned and operated by ARNOLD and PAES.

27 III.    United Mail Pharmacy Services / Pharmizon Conspiracy

28     24.     Robert Smoley, together with others, created and operated a number of Internet

INDICTMENT                                6

1  pharmacy websites, including but not limited to Myrxeasy.com, Universalrxonline.com,
2  Ezrxovernight.com, pills-delivered.com, and Urgentmeds.com (collectively, "Pharmizon").
3  Through those websites, Smoley and his co-conspirators offered to sell to the public various
4  drugs, including controlled substances such as: (a) phendimetrazine, a Schedule III controlled
5  substance; (b) diazapam (also known as Valium), a Schedule IV controlled substance; (c)
6  phentermine, a Schedule IV controlled substance; and (d) clonazepam, a Schedule IV controlled
7  substance (collectively, the "Controlled Substances"). Smoley and his co-conspirators permitted
8  customers to provide their credit card information and required them to complete brief on-line
9  questionnaires before ordering specific drugs, including the Controlled Substances. Customers
10 were not required to submit a valid form of identification or a valid prescription for the
11 Controlled Substances they ordered.

12      25.     As part of the conspiracy, several doctors approved customer orders for controlled
13 substances that were not for a legitimate medical purpose and when the doctor was not acting in
14 the usual course of his or her professional practice.

15      26.     The completed on-line questionnaires were made available through Pharmizon to
16 physicians who purported to review the on-line questionnaires and approve a prescription for the
17 Controlled Substances requested by the customers. The on-line questionnaires asked the
18 customers to briefly describe their medical history. At no time during the questionnaire review
19 process did any approving physician physically examine and obtain a complete medical history
20 from the customers. Nor did any approving physician make any effort to confirm the accuracy of
21 the information provided by the customers in the on-line questionnaires. Rather, after
22 purportedly reviewing only the customers' on-line questionnaires, the approving physician
23 authorized a purported prescription for the Controlled Substances requested by the customers.

24      27.     After the approving physician authorized a purported prescription for the
25 Controlled Substances, owners and employees of the fulfillment pharmacy United Mail
26 Pharmacy Services (UMPS), as well as various other fulfillment pharmacies in various locations
27 across the United States, accessed Pharmizon in order to locate customer orders for which the
28 approving physician purportedly authorized prescriptions. UMPS or another fulfillment

INDICTMENT                                                 7

1  pharmacy then filled and shipped the Controlled Substances to the customers.

2      28.    Defendant ENTEL operated affiliate marketing websites, a call center, and the

3  Internet pharmacy ESolutions that used United Mail Pharmacy Services as a fulfillment

4  pharmacy.

5      29.    Defendant Steven PAUL acted as an agent for credit card processors and assisted

6  Smoley with obtaining credit card processing services. Smoley and his co-conspirators caused

7  the credit card processors to charge sales of the Controlled Substances to the credit cards

8  provided by the customers. Proceeds from the credit card sales were wire transferred from the

9  bank in Israel to bank accounts controlled by Smoley in the United States. Over $40 million in

10  proceeds from the sale of Controlled Substances were transferred to accounts controlled by

11  Smoley.

12     30.    The Controlled Substances were shipped to the customers via Federal Express,

13  United Parcel Service, or DHL under various account numbers held and used by defendant

14  Smoley and others.

15     31.    Defendant Smoley collected the proceeds of the sale of the Controlled Substances

16  and paid the doctors, pharmacies, and others for their roles in the conspiracy.

17

18  COUNT ONE: (Title 21, United States Code, Section 846)

19                            (Safescripts Online Distribution Conspiracy)

20     32.    The allegations in paragraphs 1 through 31 are realleged and incorporated as if

21  fully set forth in this paragraph.

22     33.    Beginning at a time unknown to the grand jury but no later than November of

23  2004 and ending in or about December of 2006, both dates being approximate and inclusive,

24  within the Northern District of California, and elsewhere, defendants:

25                              Christopher NAPOLI,
                                 Daniel JOHNSON,
26                              Salvatore LAMORTE,
                                  Steven PAUL,
27                               Jeffrey ENTEL,
                                 Joseph CAROZZA,
28                            Jeffrey HERHOLZ, and
                                 Darrell CREQUE,

INDICTMENT                           8

1 together with others known and unknown to the grand jury, conspired to distribute, and to

2 possess with intent to distribute, outside the scope of professional practice and not for a

3 legitimate medical purpose, one or more controlled substances, which offense involved

4 substances containing (a) phendimetrazine, a Schedule III controlled substance; (b) diazapam, a

5 Schedule IV controlled substance; (c) phentermine, a Schedule IV controlled substance; and (d)

6 clonazepam, a Schedule IV controlled substance, in violation of Title 21, United States Code,

7 Section 841(a)(1), all in violation of Title 21, United States Code, Sections 846, 841(b)(1)(D)

8 and 841(b)(2).

9

10 COUNT TWO: (Title 21, United States Code, Section 841(a)(1))

11 (Safescripts Online Distribution)

12 34. The allegations in paragraphs 1 through 33 are realleged and incorporated as if

13 fully set forth in this paragraph.

14 35. On or about February 24, 2006, within the Northern District of California and

15 elsewhere, defendants:

16 Christopher NAPOLI,
Daniel JOHNSON,
17 Salvatore LAMORTE,
Joseph CAROZZA,
18 Jeffrey HERHOLZ, and
Darrell CREQUE,

19

20 together with others known and unknown to the grand jury, did knowingly and intentionally

21 distribute, and possess with intent to distribute, outside the scope of professional practice and not

22 for a legitimate medical purpose, one or more controlled substances, which offense involved a

23 substance containing: phentermine, a Schedule IV controlled substance, in violation of Title 21,

24 United States Code, Sections 841(a)(1) and (b)(2).

25 ///

26 ///

27 ///

28 ///

INDICTMENT 9

1 | COUNT THREE: (Title 18, United States Code, Section 1956(h))

2 | (Safescripts Online Money Laundering Conspiracy)

3 | 36. The allegations in paragraphs 1 through 35 are realleged and incorporated as if

4 | fully set forth in this paragraph.

5 | 37. Beginning at a time unknown to the grand jury but no later than November of

6 | 2004 and ending in or about December of 2006, both dates being approximate and inclusive,

7 | within the Northern District of California and elsewhere, defendants:

8 |
9 |
10 |
11 |

Christopher NAPOLI,
Daniel JOHNSON,
Salvatore LAMORTE,
Steven PAUL,
Jeffrey ENTEL,
Joseph CAROZZA, and
Jeffrey HERHOLZ,

12 | together with others known and unknown to the grand jury, did knowingly and intentionally

13 | conspire to transport, transmit, and transfer monetary instruments and funds from a place in the

14 | United States to and through a place outside the United States, and to a place in the United States

15 | from and through a place outside the United States, with the intent to promote the carrying on of

16 | specified unlawful activity, to wit: unlawful distribution of controlled substances in violation of

17 | Title 21, United States Code, Sections 841(a), 841(b) and 846, which conduct was in violation of

18 | Title 18, United States Code, Section 1956(a)(2)(A), all in violation of Title 18, United States

19 | Code, Section 1956(h).

20 |

21 | CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS ONE AND TWO

22 | (Distribution Conspiracy and Distribution)

23 | 38. Upon conviction of the offenses alleged in Counts One and Two, the defendants

24 |
25 |
26 |
27 |
28 |

Christopher NAPOLI,
Daniel JOHNSON,
Salvatore LAMORTE,
Steven PAUL,
Jeffrey ENTEL,
Joseph CAROZZA,
Jeffrey HERHOLZ, and
Darrell CREQUE,

INDICTMENT                    10

shall forfeit to the United States all right, title and interest in property constituting and derived

from any proceeds defendant obtained, directly or indirectly, as a result of said violation, and any

property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of the said violation, including but not limited to the following:

Defendant NAPOLI

      a.    1997 Lamborghini Diablo, VIN ZA9RU37P6VLA12636;

      b.    2006 Porsche Cayenne Turbo, VIN WP1AC29P96LA91296;

      c.    $8,692.42 in funds seized from a Commerce Bank account held in the the name of PSA, LLC;

      d.    $6,314.76 in funds seized from a Commerce Bank Account held in the the name of Pharmacy USA, LLC;

      e.    $1,076,636.89 in funds seized from a TD Ameritrade Account held in the name of Christopher Napoli;

      f.    $87,680.65 in funds seized from Ohio National Life Insurance Corporation, Acct # 1574294;

      g.    $29,981.40 in funds seized from Bank of Nevada Acct # xxxx9200 held in the name of ZZR Enterprises, Inc.;

      h.    $40,000 in funds Seized from Compass Bank, MoneyMarket Acct # XXXX3452;

      i.    $50,000 in funds Seized from Pershing LLC, Brokerage Acct #XXXXX5731;

      j.    U.S. Treasury Check in the amount of $136,497.02.

Defendant LAMORTE

      a.    2006 Maserati Quattroporte;

      b.    $14,225 in funds seized from Commerce Bank Acct # xxxxxx5976;

      c.    $743,918.10 in funds seized from Commerce Bank Acct # xxxxxx4167;

      d.    $5,232.15 in funds seized from Commerce Bank Acct # xxxxxx5976;

      e.    $63,989.45 in funds seized from Wachovia Bank Acct # xxxxxxxxx2442.

If, as a result of any act or omission of the defendant, any of said property:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

INDICTMENT        11

1              c.      has been placed beyond the jurisdiction of the Court;

2              d.      has been substantially diminished in value; or

3              e.      has been commingled with other property which cannot be divided without
                       difficulty;
4

5   any and all interest defendant has in any other property (not to exceed the value of the forfeitable

6   property) shall be forfeited to the United States.

7          All in violation of Title 21, United States Code, Sections 853(a)(1) and (2), (p), and Rule

8   32.2 of the Federal Rules of Criminal Procedure.

9

10              CRIMINAL FORFEITURE ALLEGATION AS TO COUNT THREE

11                            (Money Laundering Conspiracy)

12      39.      Upon conviction of the offense alleged in Count Three, the defendants

13                              Christopher NAPOLI,
                                Daniel JOHNSON,
14                              Salvatore LAMORTE,
                                Steven PAUL,
15                              Jeffrey ENTEL,
                                Dr. Joseph CAROZZA, and
16                              Jeffrey HERHOLZ,

17  shall forfeit to the United States all right, title and interest in any property real and personal

18  involved in such offense, and any property traceable to such property, including but not limited to

19  any property constituting and derived from any proceeds defendant obtained, directly or

20  indirectly, as a result of the underlying specified unlawful activity, and any property used, or

21  intended to be used, in any manner or part, to commit, or to facilitate the commission of the said

22  violation, including but not limited to the following:

23  Defendant NAPOLI

24              a.      1997 Lamborghini Diablo, VIN ZA9RU37P6VLA12636;

25              b.      2006 Porsche Cayenne Turbo, VIN WP1AC29P96LA91296;

26              c.      $8,692.42 in funds seized from a Commerce Bank Account held in the
                       name of PSA, LLC;
27
                d.      $6,314.76 in funds seized from a Commerce Bank Account Held in the
28                     name of Pharmacy USA, LLC;

INDICTMENT                          12

1        e.    $1,076,636.89 in funds seized from a TD Ameritrade Account held in the name of Christopher Napoli;

2
3        f.    $87,680.65 in funds seized from Ohio National Life Insurance Corporation, Acct # 1574294;

4        g.    $29,981.40 in funds seized from Bank of Nevada Acct # xxxx9200 held in the name of ZZR Enterprises, Inc.;

5
6        h.    $40,000 in funds seized from Compass Bank, MoneyMarket Acct # XXXX3452;

7        i.    $50,000 in funds seized from Pershing LLC, Brokerage Acct #XXXXX5731;

8
9        j.    U.S. Treasury Check in the amount of $136,497.02.

10   Defendant LAMORTE

11       a.    2006 Maserati Quattroporte;

12       b.    $14,225 in funds seized from Commerce Bank Acct # xxxxxx5976;

13       c.    $743,918.10 in funds seized from Commerce Bank Acct # xxxxxx4167;

14       d.    $5,232.15 in funds seized from Commerce Bank Acct # xxxxxx5976;

15       e.    $63,989.45 in funds seized from Wachovia Bank Acct # xxxxxxxxx2442.

16   If, as a result of any act or omission of the defendant, any of said property:

17       a.    cannot be located upon the exercise of due diligence;

18       b.    has been transferred or sold to, or deposited with, a third person;

19       c.    has been placed beyond the jurisdiction of the Court;

20       d.    has been substantially diminished in value; or

21       e.    has been commingled with other property which cannot be divided without difficulty;

22
23   any and all interest defendant has in any other property (not to exceed the value of the forfeitable

24   property) shall be forfeited to the United States.

25       All in violation of Title 18, United States Code, Section 982, and Rule 32.2 of the

26   Federal Rules of Criminal Procedure.

27   ///

28   ///

INDICTMENT           13

1  COUNT FOUR: (Title 21, United States Code, Section 846)

2  (Pitcairn Distribution Conspiracy)

3  40. The allegations in paragraphs 1 through 31 are realleged and incorporated as if

4  fully set forth in this paragraph.

5  41. Beginning at a time unknown to the grand jury, but no later than May of 2003 and

6  ending in or about April of 2007, both dates being approximate and inclusive, within the

7  Northern District of California, and elsewhere, defendants:

8  Salvatore LAMORTE,
   Michael ARNOLD,
9  Diego Podolsky PAES,
   Jeffrey HERHOLZ, and
10 Darrell CREQUE,

11 together with others known and unknown to the grand jury, conspired to distribute, and to

12 possess with intent to distribute, outside the scope of professional practice and not for a

13 legitimate medical purpose, one or more controlled substances, which offense involved

14 substances containing (a) phendimetrazine, a Schedule III controlled substance; (b) diazapam, a

15 Schedule IV controlled substance; (c) phentermine, a Schedule IV controlled substance; and (d)

16 clonazepam, a Schedule IV controlled substance, in violation of Title 21, United States Code,

17 Section 841(a)(1), all in violation of Title 21, United States Code, Sections 846, 841(b)(1)(D)

18 and 841(b)(2).

19

20 COUNT FIVE: (Title 21, United States Code, Section 841(a)(1))

21 (Pitcairn Distribution)

22 42. The allegations in paragraphs 1 through 31 and 40 through 41 are realleged and

23 incorporated as if fully set forth in this paragraph.

24 43. On or about November 18, 2005, within the Northern District of California and

25 elsewhere, defendants:

26 Salvatore LAMORTE,
   Michael ARNOLD, and
27 Diego Podolsky PAES,

28 together with others, did knowingly and intentionally distribute, and possess with intent to

INDICTMENT                 14

1  distribute, outside the scope of professional practice and not for a legitimate medical purpose,

2  one or more controlled substances, which offense involved a substance containing: phentermine,

3  a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections

4  841(a)(1) and (b)(2).

5

6  COUNT SIX:  (Title 21, United States Code, Section 841(a)(1))

7  (Pitcairn Distribution)

8  44.  The allegations in paragraphs 1 through 31 and 40 through 43 are realleged and

9  incorporated as if fully set forth in this paragraph.

10  45.  On or about December 3, 2005, within the Northern District of California and

11  elsewhere, defendants:

12  Salvatore LAMORTE,
   Michael ARNOLD, and
13  Diego Podolsky PAES,

14  together with others, did knowingly and intentionally distribute, and possess with intent to

15  distribute, outside the scope of professional practice and not for a legitimate medical purpose,

16  one or more controlled substances, which offense involved a substance containing: phentermine,

17  a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections

18  841(a)(1) and (b)(2).

19

20  COUNT SEVEN:  (Title 21, United States Code, Section 841(a)(1))

21  (Pitcairn Distribution)

22  46.  The allegations in paragraphs 1 through 31 and 40 through 45 are realleged and

23  incorporated as if fully set forth in this paragraph.

24  47.  On or about December 3, 2005, within the Northern District of California and

25  elsewhere, defendants:

26  Salvatore LAMORTE,
   Michael ARNOLD, and
27  Diego Podolsky PAES,

28  together with others, did knowingly and intentionally distribute, and possess with intent to

INDICTMENT                                        15

distribute, outside the scope of professional practice and not for a legitimate medical purpose,

one or more controlled substances, which offense involved a substance containing: phentermine,

a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections

841(a)(1) and (b)(2).

COUNT EIGHT:  (Title 21, United States Code, Section 841(a)(1))

(Pitcairn Distribution)

48.     The allegations in paragraphs 1 through 31 and 40 through 47 are realleged and incorporated as if fully set forth in this paragraph.

49.     On or about March 2, 2006, within the Northern District of California and elsewhere, defendants:

Salvatore LAMORTE,
Michael ARNOLD, and
Diego Podolsky PAES,

together with others, did knowingly and intentionally distribute, and possess with intent to

distribute, outside the scope of professional practice and not for a legitimate medical purpose,

one or more controlled substances, which offense involved a substance containing: phentermine,

a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections

841(a)(1) and (b)(2).

COUNT NINE:  (Title 18, United States Code, Section 1956(h))

(Pitcairn Money Laundering Conspiracy)

50.     The allegations in paragraphs 1 through 31 and 40 through 49 are realleged and incorporated as if fully set forth in this paragraph.

51.     Beginning at a time unknown to the grand jury, but no later than May of 2003 and

ending in or about August of 2007, both dates being approximate and inclusive, within the

Northern District of California and elsewhere, defendants:

Salvatore LAMORTE,
Michael ARNOLD,
Diego Podolsky PAES, and
Jeffrey HERHOLZ,

INDICTMENT                                    16

1   together with others known and unknown to the grand jury, did knowingly and intentionally

2   conspire to transport, transmit, and transfer monetary instruments and funds from a place in the

3   United States to and through a place outside the United States, and to a place in the United States

4   from and through a place outside the United States, with the intent to promote the carrying on of

5   specified unlawful activity, to wit: unlawful distribution of controlled substances in violation of

6   Title 21, United States Code, Sections 841(a), 841(b) and 846, which conduct was in violation of

7   Title 18, United States Code, Section 1956(a)(2)(A), all in violation of Title 18, United States

8   Code, Section 1956(h).

9

10   CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS FOUR THROUGH EIGHT

11   (Distribution Conspiracy and Distribution)

12   52.   Upon conviction of the offenses alleged in Counts Four through Eight, the

13   defendants:

14                       Salvatore LAMORTE,
                          Michael ARNOLD,
15                       Diego Podolsky PAES,
                         Jeffrey HERHOLZ, and
16                       Darrell CREQUE,

17   shall forfeit to the United States all right, title and interest in property constituting and derived

18   from any proceeds defendant obtained, directly or indirectly, as a result of said violation, and any

19   property used, or intended to be used, in any manner or part, to commit, or to facilitate the

20   commission of the said violation, including but not limited to the following:

21   Defendant LAMORTE

22           a.   2006 Maserati Quattroporte;

23           b.   $14,225 in funds seized from Commerce Bank Acct # xxxxxx5976;

24           c.   $743,918.10 in funds seized from Commerce Bank Acct # xxxxxx4167;

25           d.   $5,232.15 in funds seized from Commerce Bank Acct # xxxxxx5976;

26           e.   $63,989.45 in funds seized from Wachovia Bank Acct # xxxxxxxxx2442.

27   Defendant ARNOLD

28           a.   Real Property located at 205 Se Spanish Trail, Boca Raton, Florida.

INDICTMENT                          17

1      If, as a result of any act or omission of the defendant, any of said property:

2          a.    cannot be located upon the exercise of due diligence;

3          b.    has been transferred or sold to, or deposited with, a third person;

4          c.    has been placed beyond the jurisdiction of the Court;

5          d.    has been substantially diminished in value; or

6          e.    has been commingled with other property which cannot be divided without difficulty;

7

8 any and all interest defendant has in any other property (not to exceed the value of the forfeitable

9 property) shall be forfeited to the United States.

10      All in violation of Title 21, United States Code, Sections 853(a)(1) and (2), (p), and Rule

11 32.2 of the Federal Rules of Criminal Procedure.

12

13                 CRIMINAL FORFEITURE ALLEGATION AS TO COUNT NINE

14                       (Money Laundering Conspiracy)

15      53.    Upon conviction of the offense alleged in Count Nine, the defendants

16                        Salvatore LAMORTE,
                         Michael ARNOLD,

17                    Diego Podolsky PAES, and
                        Jeffrey HERHOLZ,

18

19 shall forfeit to the United States all right, title and interest in any property real and personal

20 involved in such offense, and any property traceable to such property, including but not limited to

21 any property constituting and derived from any proceeds defendant obtained, directly or

22 indirectly, as a result of the underlying specified unlawful activity, and any property used, or

23 intended to be used, in any manner or part, to commit, or to facilitate the commission of the said

24 violation, including but not limited to the following:

25

26 Defendant LAMORTE

27          a.    2006 Maserati Quattroporte;

28          b.    $14,225 in funds seized from Commerce Bank Acct # xxxxxx5976;

INDICTMENT                 18

1             c.     $743,918.10 in funds seized from Commerce Bank Acct # xxxxxx4167;

2             d.     $5,232.15 in funds seized from Commerce Bank Acct # xxxxxx5976;

3             e.     $63,989.45 in funds seized from Wachovia Bank Acct # xxxxxxxxx2442.

4 Defendant ARNOLD:

5             a.     Real Property located at 205 Se Spanish Trail, Boca Raton, Florida.

6 If, as a result of any act or omission of the defendant, any of said property:

7             a.     cannot be located upon the exercise of due diligence;

8             b.     has been transferred or sold to, or deposited with, a third person;

9             c.     has been placed beyond the jurisdiction of the Court;

10             d.     has been substantially diminished in value; or

11             e.     has been commingled with other property which cannot be divided without difficulty;

12

13 any and all interest defendant has in any other property (not to exceed the value of the forfeitable

14 property) shall be forfeited to the United States.

15       All in violation of Title 18, United States Code, Section 982, and Rule 32.2 of the

16 Federal Rules of Criminal Procedure.

17

18 COUNT TEN: (Title 21, United States Code, Section 846)

19                  (United Mail Pharmacy Services/Pharmizon Conspiracy)

20       54.     The allegations in paragraphs 1 through 31 are realleged and incorporated as if

21 fully set forth in this paragraph.

22       55.     Beginning at a time unknown to the grand jury but no later than January of 2006

23 and ending in or about March of 2008, both dates being approximate and inclusive, within the

24 Northern District of California, and elsewhere, defendants:

25                              Steven PAUL,
                             Jeffrey ENTEL, and

26                              Dino ANTONIONI,

27 together with others known and unknown to the grand jury, conspired to distribute, and to

28 possess with intent to distribute, outside the scope of professional practice and not for a

INDICTMENT                   19

1  legitimate medical purpose, one or more controlled substances, which offense involved

2  substances containing (a) phendimetrazine, a Schedule III controlled substance; (b) diazapam, a

3  Schedule IV controlled substance; (c) phentermine, a Schedule IV controlled substance; and (d)

4  clonazepam, a Schedule IV controlled substance, in violation of Title 21, United States Code,

5  Section 841(a)(1), all in violation of Title 21, United States Code, Sections 846, 841(b)(1)(D)

6  and 841(b)(2).

7

8  COUNT ELEVEN:  (Title 21, United States Code, Section 846)

9  (United Mail Pharmacy Services/Pharmizon Attempted Possession with Intent to Distribute)

10  56.  The allegations in paragraphs 1 through 31 and 54 through 55 are realleged and

11  incorporated as if fully set forth in this paragraph.

12  57.  On or about February 20, 2008, within the Northern District of California and

13  elsewhere, defendants:

14                  Jeffrey ENTEL, and
                Dino ANTONIONI,

15

16  together with others, did knowingly and intentionally attempt to possess with intent to distribute,

17  outside the scope of professional practice and not for a legitimate medical purpose, one or more

18  controlled substances, which offense involved substances containing (a) phendimetrazine, a

19  Schedule III controlled substance; (b) diazapam, a Schedule IV controlled substance; (c)

20  phentermine, a Schedule IV controlled substance; and (d) clonazepam, a Schedule IV controlled

21  substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and

22  841(b)(2), all in violation of Title 21, United States Code, Section 846.

23

24  COUNT TWELVE:  (Title 18, United States Code, Section 1956(h))

25  (United Mail Pharmacy Services/Pharmizon Money Laundering Conspiracy)

26  58.  The allegations in paragraphs 1 through 31 and 54 through 57 are realleged and

27  incorporated as if fully set forth in this paragraph.

28  59.  Beginning at a time unknown to the grand jury but no later than January of 2006

INDICTMENT                        20

1 | and ending in or about March of 2008, both dates being approximate and inclusive, within the
2 | Northern District of California and elsewhere, defendants:

3 | Steven PAUL,<br>Jeffrey ENTEL, and
4 | Dino ANTONIONI,

5 | together with others known and unknown to the grand jury, did knowingly and intentionally
6 | conspire to transport, transmit, and transfer monetary instruments and funds from a place in the
7 | United States to and through a place outside the United States, and to a place in the United States
8 | from and through a place outside the United States, with the intent to promote the carrying on of
9 | specified unlawful activity, to wit: unlawful distribution of controlled substances in violation of
10 | Title 21, United States Code, Sections 841(a), 841(b) and 846, which conduct was in violation of
11 | Title 18, United States Code, Section 1956(a)(2)(A), all in violation of Title 18, United States
12 | Code, Section 1956(h).

13

14 | COUNT THIRTEEN: (Title 18, United States Code, Section 1956(a)(2)(A))

15 | (Pharmizon/United Mail Pharmacy Services International Money Laundering)

16 | 60. The allegations in paragraphs 1 through 31 and 54 through 59 are realleged and
17 | incorporated as if fully set forth in this paragraph.

18 | 61. On or about February 15, 2008, within the Northern District of California and
19 | elsewhere, defendants:

20 | Jeffrey ENTEL, and<br>Dino ANTONIONI,

21

22 | did knowingly and intentionally transport, transmit, and transfer monetary instruments and funds
23 | to a place in the United States from and through a place outside the United States, with the intent
24 | to promote the carrying on of specified unlawful activity, to wit: unlawful distribution of
25 | controlled substances in violation of Title 21, United States Code, Sections 841(a), 841(b) and
26 | 846, which conduct was in violation of Title 18, United States Code, Section 1956(a)(2)(A).

27 | ///

28 | ///

INDICTMENT                        21

1    CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS ELEVEN AND TWELVE

2                    (Distribution Conspiracy and Attempted Distribution)

3        62.    Upon conviction of the offenses alleged in Counts Ten and Eleven, the

4    defendants:

5                                    Steven PAUL,
                                   Jeffrey ENTEL, and
6                                   Dino ANTONIONI,

7    shall forfeit to the United States all right, title and interest in property constituting and derived

8    from any proceeds defendant obtained, directly or indirectly, as a result of said violation, and any

9    property used, or intended to be used, in any manner or part, to commit, or to facilitate the

10   commission of the said violation.

11       If, as a result of any act or omission of the defendant, any of said property:

12           a.     cannot be located upon the exercise of due diligence;

13           b.     has been transferred or sold to, or deposited with, a third person;

14           c.     has been placed beyond the jurisdiction of the Court;

15           d.     has been substantially diminished in value; or

16           e.     has been commingled with other property which cannot be divided without
                    difficulty;
17

18   any and all interest defendant has in any other property (not to exceed the value of the forfeitable

19   property) shall be forfeited to the United States.

20       All in violation of Title 21, United States Code, Sections 853(a)(1) and (2), (p), and Rule

21   32.2 of the Federal Rules of Criminal Procedure.

22

23   CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWELVE AND THIRTEEN

24               (Money Laundering Conspiracy and International Money Laundering)

25       63.    Upon conviction of the offenses alleged in Count Twelve and Thirteen, the

26   defendants:

27                                   Steven PAUL,
                                   Jeffrey ENTEL, and
28                                  DINO ANTONIONI,

INDICTMENT                                      22

1  shall forfeit to the United States all right, title and interest in any property real and personal

2  involved in such offense, and any property traceable to such property, including but not limited to

3  any property constituting and derived from any proceeds defendant obtained, directly or

4  indirectly, as a result of the underlying specified unlawful activity, and any property used, or

5  intended to be used, in any manner or part, to commit, or to facilitate the commission of the said

6  violation.

7  If, as a result of any act or omission of the defendant, any of said property:

8  a. cannot be located upon the exercise of due diligence;

9  b. has been transferred or sold to, or deposited with, a third person;

10  c. has been placed beyond the jurisdiction of the Court;

11  d. has been substantially diminished in value; or

12  e. has been commingled with other property which cannot be divided without
    difficulty;

13

14  any and all interest defendant has in any other property (not to exceed the value of the forfeitable

15  property) shall be forfeited to the United States.

16  All in violation of Title 18, United States Code, Section 982, and Rule 32.2 of the

17  Federal Rules of Criminal Procedure.

18

19  DATED:                                          A TRUE BILL,

20  August 31, 2010

21                                                   FOREPERSON

22  MELINDA HAAG
    United States Attorney

23

24

25  BRIAN J. STRETCH
    Chief, Criminal Division

26

27

28  (Approved as to form: _____ )
                              AUSA AULT

INDICTMENT                          23