MELINDA HAAG (CABN 132612)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KIRSTIN M. AULT  (CABN 206052)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone:  (415) 436-6940
   Facsimile: (415) 436-7234
   E-mail: kirstin.ault@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT SMOLEY,<br><br>    Defendant. | No. CR 10-0619 JSW<br><br>NOTICE OF RELATED CASES IN CRIMINAL ACTIONS |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MELISSA PERKINS,<br><br>    Defendant. | No. CR 10-0620 WHA |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRISTOPHER NAPOLI, et al.,<br><br>    Defendants. | No. CR 10-0642 RS |

The United States now gives notice to the Clerk of the Court pursuant to Criminal Local Rule 8-1 that these cases are related. Assignment of the cases to a single judge may conserve judicial resources; however, because two of the actions are anticipated to be resolved without litigation, the conservation of judicial resources obtained by assigning all three cases to a single judge may not be significant.

A.  **Relation of Cases.**

Under Northern District of California Local Rule 8-1, a criminal action is related to another pending criminal action when (1) both actions concern one or more of the same defendants and the same alleged events or occurrences, or (2) both actions appear likely to entail substantial duplication of labor if heard by different judges, or might create conflicts or unnecessary expenses if conducted before different judges. N.D. Cal. Crim. Local R. 8-1(b).

The three above-captioned cases relate to the illegal distribution of controlled substances by Internet pharmacies. The over-all case involves three separate but related conspiracies, roughly identified as the Safescripts Online, Pitcairn and United Mail Pharmacy Services (UMPS) conspiracies. *See generally*, Indictment in *U.S. v. Napoli*, CR 10-0642 RS, Docket No. 1. The *Smoley and Perkins* cases involve the same underlying facts as the UMPS conspiracy. Thus, because the matters concern "the same alleged events or occurrences," the *Smoley* and *Perkins* cases are related to each other and to the *Napoli* indictment. However, the *Napoli* indictment encompasses a much broader range of facts, including two additional conspiracies, and involves eleven additional defendants.

B.  **Assignment to a Single Judge**

Cases that are related may be assigned to a single judge where single assignment is likely to "conserve judicial resources and promote an efficient determination of the action." N.D. Cal. Crim. Local R. 8-1(c)(4).

In the *Smoley* and *Perkins* matters, the defendants have entered into pre-indictment dispositions with the United States. Therefore, absent unforseen circumstances, the cases are not anticipated to result in significant litigation but should involve only the appearances necessary to accomplish the defendants' changes of plea and sentencing. Because the *Smoley* and *Perkins*

1  matters involve the same conspiracy and the same underlying facts, assignment of these matters
2  to a single judge may prevent the duplication of resources necessary for two judges to learn the
3  facts underlying the UMPS conspiracy.  However, because the matters are anticipated to resolve
4  without litigation, a significant expenditure of judicial resources is not expected in either the
5  *Smoley* or *Perkins* matter.
6      On the other hand, the *United States v. Napoli* matter is based on a thirteen-count
7  indictment of eleven defendants who are charged with drug-trafficking and money-laundering
8  based on the three conspiracies discussed above.  The case is anticipated to involve lengthy and
9  significant litigation.  The judge overseeing this matter will need to become familiar with the
10 facts underlying all three conspiracies, the means by which evidence was gathered, the nuances
11 of the law underlying the charges, and other issues that are not likely to be involved in the
12 resolution of the *Smoley* and *Perkins* matters.   Thus, while the judge overseeing the
13 *Napoli* matter will need to become familiar with the factual issues involved in the *Smoley* and
14 *Perkins* cases, the judicial resources necessary to oversee the *Napoli* case are expected to be far
15 greater than those needed to address the other two matters.  Moreover, the *Napoli* judge will need
16 to become familiar with the more extensive factual scenario underlying the two additional
17 conspiracies and the roles of eleven additional defendants.
18     Relation of the three cases to a single judge would conserve judicial resources in that only
19 one judge would need to learn the facts underlying the three conspiracies charged in the *Napoli*
20 indictment, which also encompass the conduct involved in the *Smoley* and *Perkins* matters.
21 However, because the *Smoley* and *Perkins* matters are not anticipated to involve significant
22 litigation, the conservation of resources may not be substantial - the effort expended in the
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1 | *Smoley* and *Perkins* matters is anticipated to be significantly less than the time and resources
2 | necessary to litigate the *Napoli* case.

5 | DATED: September 14, 2010    Respectfully submitted,

6 | MELINDA HAAG
  | United States Attorney

8 | /s
  | _____
9 | KIRSTIN M. AULT
  | Assistant United States Attorney