# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

*FILED*

*2010 DEC -7 P 3 07*

CR - 10 - 642 CRB

## UNITED STATES OF AMERICA,

## V.

Christopher Napoli, Daniel Johnson, Salvatore Lamorte, Steven Paul, Jeffrey Entel, Joseph Carozza, Jeffrey Herholz, Darrell Creque, Michael Arnold, Diego Podolsky Paes, and Dino Antonioni

*E-filing*

### DEFENDANT(S).

---

# SUPERSEDING INDICTMENT

**VIOLATIONS:**

21 U.S.C. § 846 - Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances [3 counts].

21 U.S.C. § 846 (a)(1) - Possession with intent to distribute and distribution of controlled Substances [5 Counts];

21 U.S.C. § 846 - Attempted Possession with Intent to Distribute Controlled Substances [1 Count]

18 U.S.C. § 1956(h) - Conspiracy to Launder Money [3 Counts];

18 U.S.C. § 1956(h)(2)(A) - International Money Laundering [1 Count]

21 U.S.C. § 853 - Criminal Forfeiture (Drug Trafficking) [3 Counts]

18 U.S.C. § 982 - Criminal Forfeiture (Money Laundering) [3 counts]

---

A true bill.

_____
Foreman

Filed in open court this ___ day of

December 2010 .

_____ KAREN L. HOM

JOSEPH C. SPERO Clerk
UNITED STATES MAGISTRATE JUDGE

Bail, $ *no bail arrest warrents for Steven Paul and Diego Podolsky Paes ; no process as to others.*

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
☑ SUPERSEDING

─── OFFENSE CHARGED ───
See Attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See Attached   E-filing

─── PROCEEDING ───
Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:          SHOW DOCKET NO.
☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant          MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☑ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   KIRSTIN M. AULT

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT ───
CHRISTOPHER NAPOLI, RICHARD W.

DISTRICT COURT NUMBER
CR 10-0642 CRB

─────── DEFENDANT ───────

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)
NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   If "Yes" give date filed

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT   Bail Amount:
If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:          Before Judge:

Comments:

## PENALTIES
## CHRISTOPHER NAPOLI

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 2 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
|   | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT

☑ SUPERSEDING

──── OFFENSE CHARGED ────

See Attached

☐ Petty

☐ Minor

☐ Misde-
meanor

☑ Felony

PENALTY:
See Attached

E-filing

──── PROCEEDING ────

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:

☐ U.S. ATTORNEY ☐ DEFENSE

SHOW
DOCKET NO.

}

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

}

Name and Office of Person
Furnishing Information on this form MELINDA HAAG

☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned) KIRSTIN M. AULT

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT

DANIEL JOHNSON

DISTRICT COURT NUMBER

CR 10-0642 CRB

──── DEFENDANT ────

IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

} ☐ Federal ☐ State

Has detainer ☐ Yes
been filed? ☐ No

If "Yes"
give date
filed

DATE OF
ARREST

Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED
TO U.S. CUSTODY

Month/Day/Year

☐ This report amends AO 257 previously submitted

──── ADDITIONAL INFORMATION OR COMMENTS ────

PROCESS:

☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT

If Summons, complete following:

☐ Arraignment ☐ Initial Appearance

Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____ Before Judge: _____

Comments:

## PENALTIES
## DANIEL JOHNSON

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 2 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

─── OFFENSE CHARGED ───
See Attached

☐ Petty
☐ Minor
☐ Misde-
   meanor
☑ Felony

PENALTY:
See Attached

**E-filing**

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA

*FILED*

*DEC - 7 2010*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

┌─ DEFENDANT ─
▶ SALVATORE LAMORTE

DISTRICT COURT NUMBER
CR 10-0642 CRB

──────── DEFENDANT ────────

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior
   summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)
   NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges        } ☐ Federal ☐ State
   If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    } If "Yes"
been filed?  ☐ No      } give date
                       } filed _____

DATE OF ▶     Month/Day/Year
ARREST        _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY      _____

─── PROCEEDING ───
Name of Complainant Agency, or Person (& Title, if any)
DEA

☐ person is awaiting trial in another Federal or State Court,
   give name of court

☐ this person/proceeding is transferred from another district
   per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on motion       SHOW
   of:                                  DOCKET NO.
   ☐ U.S. ATTORNEY ☐ DEFENSE         }

☐ this prosecution relates to a
   pending case involving this same
   defendant                           MAGISTRATE
                                       CASE NO.
☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding this
   defendant were recorded under       }

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG
☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    KIRSTIN M. AULT

☐ This report amends AO 257 previously submitted

──── ADDITIONAL INFORMATION OR COMMENTS ────

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance     * Where defendant previously apprehended on complaint, no new summons or
Defendant Address:                      warrant needed, since Magistrate has scheduled arraignment

                              Date/Time: _____    Before Judge: _____

Comments: _____

**PENALTIES**
**SALVATORE LAMORTE**

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1 & 4 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 2, 5-8 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3 & 9 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
|  | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT
☑ SUPERSEDING

─── OFFENSE CHARGED ───

See Attached

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See Attached

E-filing

─── Name of District Court, and/or Judge/Magistrate Location ───

NORTHERN DISTRICT OF CALIFORNIA

*FILED*

DEFENDANT
RICHARD W. CLERK U.S. DIST NORTHERN DIST. DEC 7 2010

STEVEN PAUL

DISTRICT COURT NUMBER
CR 10-0642 CRB

─── DEFENDANT ───

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:

☐ U.S. ATTORNEY ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form MELINDA HAAG

☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned) KIRSTIN M. AULT

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
summons was served on above charges ▸

2) ☑ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes
been filed? ☐ No
} If "Yes"
give date
filed _____

DATE OF ▸
ARREST
Month/Day/Year
_____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▸
TO U.S. CUSTODY
Month/Day/Year
_____

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Bail Amount: NO BAIL

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____ Before Judge: _____

Comments:

## PENALTIES
## STEVEN PAUL

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1, 10 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3, 12 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☑ SUPERSEDING

──── OFFENSE CHARGED ────

See Attached

☐ Petty
☐ Minor
☐ Misde-
meanor
☑ Felony

PENALTY:
See Attached

**E-filing**

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

DEC - 7 2010

DEFENDANT

JEFFREY ENTEL

DISTRICT COURT NUMBER
CR 10-0642 CRB

──── DEFENDANT ────

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior
summons was served on above charges

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction     } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

──── PROCEEDING ────

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.
}

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    KIRSTIN M. AULT

Has detainer ☐ Yes     If "Yes"
been filed?  ☐ No       give date
                        filed

**DATE OF
ARREST**        Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**    Month/Day/Year

☐ This report amends AO 257 previously submitted

──── ADDITIONAL INFORMATION OR COMMENTS ────

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

## PENALTIES
## JEFFREY ENTEL

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1, 10 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 11 | 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(D) & (b)(2) - Attempted possession with intent to distribute and distribution of Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3, 12 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| 13 | 18 U.S.C. § 1956(a)(2)(A) - International money laundering | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
|  | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT

☑ SUPERSEDING

──── **OFFENSE CHARGED** ────

See Attached

☐ Petty

☐ Minor

☐ Misde-
        meanor

☑ Felony

PENALTY:
See Attached

## E-filing

──── **PROCEEDING** ────

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

**SHOW
DOCKET NO.**

☐ this prosecution relates to a
pending case involving this same
defendant

**MAGISTRATE
CASE NO.**

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☑ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   KIRSTIN M. AULT

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT**

▶ JOSEPH CAROZZA

DISTRICT COURT NUMBER

CR 10-0642 CRB

──── **DEFENDANT** ────

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior
   summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction }  ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No      give date
                        filed

**DATE OF
ARREST**   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**   Month/Day/Year

☐ This report amends AO 257 previously submitted

──── **ADDITIONAL INFORMATION OR COMMENTS** ────

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Comments:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:          Before Judge:

## PENALTIES
## JOSEPH CAROZZA

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 2 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
|  | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
                                 ☑ SUPERSEDING

| ─── OFFENSE CHARGED ─── |
| See Attached |

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
See Attached

# E-filing

─── Name of District Court, and/or Judge/Magistrate Location ───

NORTHERN DISTRICT OF CALIFORNIA

*FILED*

┌─ DEFENDANT ─┐

► JEFFREY HERHOLZ

DISTRICT COURT NUMBER
CR 10-0642 CRB

*RICHARD W. WIEKING*
*NORTHERN CLERK, U.S. DISTRICT COURT*
*DIST. OF CALIFORNIA*
*DEC - 7 2010*

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
       If not detained give date any prior
       summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction                } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

     If answer to (6) is "Yes", show name of institution

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court,
   give name of court

☐ this person/proceeding is transferred from another district
   per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on motion
   of:                                    SHOW
                                         DOCKET NO.
   ☐ U.S. ATTORNEY  ☐ DEFENSE  }

☐ this prosecution relates to a
   pending case involving this same
   defendant                             MAGISTRATE
                                         CASE NO.
☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding this
   defendant were recorded under  }

Name and Office of Person
Furnishing Information on this form  MELINDA HAAG

☑ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)  KIRSTIN M. AULT

Has detainer ☐ Yes     If "Yes"
been filed?  ☐ No       give date
                        filed _____

**DATE OF**
**ARREST** ►  Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED**
**TO U.S. CUSTODY** ►  Month/Day/Year _____

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

_____

Comments: _____

Bail Amount: _____

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

## PENALTIES
## JEFFREY HERHOLZ

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1 & 4 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 2 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 3 & 9 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT

☑ SUPERSEDING

─── OFFENSE CHARGED ───

See Attached

☐ Petty

☐ Minor

☐ Misde-meanor

☑ Felony

PENALTY:
See Attached

### E-filing

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY   ☐ DEFENSE

**SHOW DOCKET NO.**

☐ this prosecution relates to a pending case involving this same defendant

**MAGISTRATE CASE NO.**

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☑ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   KIRSTIN M. AULT

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

─── DEFENDANT ───

▶ DARRELL CREQUE

DISTRICT COURT NUMBER
CR 10-0642 CRB

─── DEFENDANT ───

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:_____   Before Judge:_____

Comments:

## PENALTIES
## DARRELL CREQUE

| Count | Charge | Penalties |
|-------|--------|-----------|
| 1 & 4 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 2 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
|  | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
                                   ☑ SUPERSEDING

─── **OFFENSE CHARGED** ───
See Attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See Attached

# E-filing

─── **PROCEEDING** ───

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

**SHOW DOCKET NO.**

☐ U.S. ATTORNEY   ☐ DEFENSE }

☐ this prosecution relates to a pending case involving this same defendant

**MAGISTRATE CASE NO.**

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☑ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   KIRSTIN M. AULT

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

*FILED*
DEC - 7 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── **DEFENDANT** ───
▶ MICHAEL ARNOLD

DISTRICT COURT NUMBER
CR 10-0642 CRB

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☑ On this charge

5) ☐ On another conviction
                                    } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
     If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes      If "Yes"
been filed?   ☐ No       } give date filed

**DATE OF ARREST** ▶      Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS   ☑ NO PROCESS*   ☐ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

## PENALTIES
## MICHAEL ARNOLD

| Count | Charge | Penalties |
|-------|--------|-----------|
| 4 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 5-8 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 9 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☑ INDICTMENT
                                    ☑ SUPERSEDING

--- OFFENSE CHARGED ---

See Attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See Attached

E-filing

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

--- DEFENDANT ---

▶ DIEGO PODOLSKY PAES

DISTRICT COURT NUMBER
CR 10-0642 CRB

*FILED*
DEC - 7 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

--- DEFENDANT ---

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:          SHOW DOCKET NO.
   ☐ U.S. ATTORNEY  ☐ DEFENSE }

☐ this prosecution relates to a pending case involving this same defendant          MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☑ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   KIRSTIN M. AULT

### IS NOT IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☑ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges }
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   If "Yes" give date filed
                          ☐ No  }

DATE OF ARREST ▶          Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶          Month/Day/Year

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT          Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:          Before Judge:

Comments:

## PENALTIES
## DIEGO PODOLSKY PAES

| Count | Charge | Penalties |
|-------|--------|-----------|
| 4 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>\$250,000 fine<br>\$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>\$250,000 fine<br>\$100 special assessment |
| 5-8 | 21 U.S.C. §§ 841(a)(1) & (b)(2) - Possession with intent to distribute and distribution of Schedule IV controlled substance | max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>\$250,000 fine<br>\$100 special assessment |
| 9 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>\$500,000 fine, or twice value of funds involved in offense<br>\$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT

☐ SUPERSEDING

—— OFFENSE CHARGED ——

See Attached

☐ Petty
☐ Minor
☐ Misde-meanor
☑ Felony

PENALTY:
See Attached

E-filing

—— Name of District Court, and/or Judge/Magistrate Location ——

NORTHERN DISTRICT OF CALIFORNIA

FILED

DEC - 7 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

—— DEFENDANT ——

► DINO ANTONIONI

DISTRICT COURT NUMBER
CR 10-0642 CRB

—— DEFENDANT ——

—— PROCEEDING ——

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   SHOW DOCKET NO.
☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant   MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☑ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   KIRSTIN M. AULT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes"
been filed?  ☐ No    } give date filed

DATE OF ARREST ►   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ►   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

## PENALTIES
## DINO ANTONIONI

| Count | Charge | Penalties |
|---|---|---|
| 10 | 21 U.S.C. § 846 - Conspiracy to distribute Schedule III and IV controlled substances | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 11 | 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(D) & (b)(2) - Attempted possession with intent to distribute and distribution of Schedule III and IV controlled substance | Schedule III<br>max. 5 yrs. imprisonment<br>min. 2 yrs. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment.<br><br>Schedule IV<br>max. 3 yrs. imprisonment<br>min. 1 yr. supervised release<br>max. life supervised release<br>$250,000 fine<br>$100 special assessment |
| 12 | 18 U.S.C. § 1956(h) & (a)(2)(A) - Conspiracy to launder money | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| 13 | 18 U.S.C. § 1956(a)(2)(A) - International money laundering | 20 yrs. imprisonment<br>3 yrs. supervised release<br>$500,000 fine, or twice value of funds involved in offense<br>$100 special assessment |
| | Forfeiture | property derived directly or indirectly from the offense or used to commit or facilitate the offense |

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2

3

4

5                          E-filing

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11 | UNITED STATES OF AMERICA,        )  No. *CR 10 -642CRB*
                                      )
12 |        Plaintiff,                )  VIOLATIONS:
                                      )  21 U.S.C. § 846 – Conspiracy to Possess
13 |    v.                            )  with Intent to Distribute and to Distribute
                                      )  Controlled Substances [3 Counts];
14 | CHRISTOPHER NAPOLI,              )
     DANIEL JOHNSON,                  )  21 U.S.C. § 841(a)(1) – Possession with
15 | SALVATORE LAMORTE,               )  Intent to Distribute and Distribution of
     STEVEN PAUL,                     )  Controlled Substances [5 Counts];
16 | JEFFREY ENTEL,                   )
       a/k/a "Yeury Amarante," "Jerry )  21 U.S.C. § 846 – Attempted Possession
17 |   Amarante,"                     )  with Intent to Distribute Controlled
     JOSEPH CAROZZA,                  )  Substances [1 Count]
18 | JEFFREY HERHOLZ,                 )
     DARRELL CREQUE,                  )  18 U.S.C. § 1956(h) - Conspiracy to
19 | MICHAEL ARNOLD,                  )  Launder Money [3 Counts];
       a/k/a"Mike Johnston,"          )
20 | DIEGO PODOLSKY PAES,             )  18 U.S.C. § 1956(a)(2)(A) - International
       a/k/a "Juan Montes," and       )  Money Laundering [1 Count]
21 | DINO ANTONIONI,                  )
                                      )  21 U.S.C. § 853 - Criminal Forfeiture (Drug
22 |        Defendants.               )  Trafficking) [3 Counts]
                                      )
23 |                                  )  18 U.S.C. § 982 - Criminal Forfeiture
                                      )  (Money Laundering) [3 Counts]
24 |                                  )
                                      )  SAN FRANCISCO VENUE
25 |                                  )
                                      )
26 |

27              S U P E R S E D I N G  I N D I C T M E N T

28 | The Grand Jury charges:


   INDICTMENT

1          INTRODUCTION

2          At all times relevant to this Indictment, unless otherwise indicated:

3    I.    Safescripts Online Conspiracy

4          1.    Defendants Christopher NAPOLI and Daniel JOHNSON, together with others,
5    created and operated a number of Internet pharmacy websites, including but not limited to
6    SafescriptsOnline.com and PharmacyUSAmeds.com (collectively, "Safescripts Online").
7    Through those websites, NAPOLI and the other co-conspirators offered to sell to the public
8    various drugs, including controlled substances such as: (a) phendimetrazine, a Schedule III
9    controlled substance; (b) diazapam (also known as Valium), a Schedule IV controlled substance;
10   (c) phentermine, a Schedule IV controlled substance; and (d) clonazepam, a Schedule IV
11   controlled substance (collectively, the "Controlled Substances"). NAPOLI and his co-
12   conspirators permitted customers to provide their credit card information and required them to
13   complete brief on-line questionnaires before ordering specific drugs, including the Controlled
14   Substances. Customers were not required to submit a valid form of identification or a valid
15   prescription for the Controlled Substances they ordered.

16         2.    Defendant JOSEPH CAROZZA was a medical doctor licensed only in the State of
17   New York. As part of the conspiracy, several doctors, including CAROZZA, approved customer
18   orders for controlled substances for Safescripts Online that were not for a legitimate medical
19   purpose and when the doctor was not acting in the usual course of his or her professional
20   practice.

21         3.    The completed on-line questionnaires were made available by Safescripts Online
22   to, among others, defendant CAROZZA, who purported to review the on-line questionnaires and
23   approve a prescription for the Controlled Substances requested by the customers. The on-line
24   questionnaires asked the customers to briefly describe their medical history. At no time during
25   the questionnaire review process did defendant CAROZZA or any other approving physician
26   physically examine or obtain a complete medical history from the customers. Nor did
27   CAROZZA or any other approving physician make any effort to confirm the accuracy of the
28   information provided by the customers in the on-line questionnaires. Rather, after purportedly

INDICTMENT                                    2

1   reviewing only the customers' on-line questionnaires, defendant CAROZZA or another

2   approving physician authorized a purported prescription for the Controlled Substances requested

3   by the customers.

4         4.       After defendant CAROZZA or another approving physician authorized a

5   purported prescription for the Controlled Substances, owners and employees of various

6   fulfillment pharmacies in various locations across the United States accessed the Safescripts

7   Online computer program to locate customer orders for which CAROZZA or another approving

8   physician purportedly authorized prescriptions. Those fulfillment pharmacies then filled and

9   shipped the Controlled Substances to the customers.

10         5.       Defendant Salvatore LAMORTE acted as a consultant to Internet and fulfillment

11   pharmacies, including Safescripts Online. In this role, defendant LAMORTE assisted Safescripts

12   Online by locating and negotiating with fulfillment pharmacies that agreed to fill drug orders

13   from Safescripts Online. Defendant LAMORTE also assisted fulfillment pharmacies that filled

14   for Safescripts Online by providing technical and practical advice, training and assistance,

15   thereby allowing the fulfillment pharmacies to operate more efficiently and fill more orders for

16   Safescripts Online. LAMORTE was paid a commission for his services.

17         6.       Defendant Steven PAUL acted as an agent for credit card processors and assisted

18   Safescripts Online with obtaining credit card processing services. NAPOLI and his co-

19   conspirators caused the credit card processors to charge sales of the Controlled Substances to the

20   credit cards provided by the customers. The customers' funds were transferred from accounts in

21   the United States to a bank in Israel. Proceeds from the credit card sales were wire transferred

22   from the bank in Israel to bank accounts controlled by defendant NAPOLI in the United States.

23         7.       Defendant Jeffrey HERHOLZ owned and operated Kwic Fill, Inc. ("Kwic Fill"), a

24   fulfillment pharmacy that filled drug orders for Safescripts Online as well as other Internet

25   pharmacies. Defendant Darrell CREQUE acted as the pharmacist for Kwic Fill and filled orders

26   for controlled substances that were not supported by valid prescriptions.

27         8.       Daniel JOHNSON worked at Internet Commerce Corporation (ICC), also known

28   as NTS. JOHNSON created, managed, maintained, and administered the database and computer

INDICTMENT                   3

1  programs that supported Safescripts Online. JOHNSON also operated affiliate marketing
2  websites that conducted marketing for and directed customers to Safescripts Online.

3      9.      Defendant NAPOLI also owned and operated Discount U.S. Drugs, a fulfillment
4  pharmacy that filled drug orders for Safescripts Online.

5      10.      The Controlled Substances were shipped to the customers via Federal Express,
6  United Parcel Service, or DHL under various account numbers held and used by defendant
7  NAPOLI and others.

8      11.      Defendant NAPOLI collected the proceeds of the sale of the Controlled
9  Substances and paid defendants JOHNSON, LAMORTE, PAUL, ENTEL, HERHOLZ,
10  CAROZZA, and others for their participation in the conspiracy.

11      12.      As part of the conspiracy, from September 30, 2005, to approximately December
12  of 2006, over $22 million was transferred from credit card processing accounts to bank accounts
13  controlled by NAPOLI.

14      13.      As part of the conspiracy, defendant NAPOLI's online pharmacy Safescripts
15  Online distributed alprazolam, a Schedule IV controlled substance to K.V., who caused an
16  accident that killed her six-year-old daughter while she was under the influence of that controlled
17  substance. The order of alprazolam was approved by CAROZZA and filled by CREQUE at
18  HERHOLZ's pharmacy Kwic Fill.

19  II.    Pitcairn Conspiracy

20      14.      Defendants Michael ARNOLD and Diego Podolsky PAES, together with others,
21  created and operated a number of Internet pharmacy websites, including but not limited to
22  pitcairngroup.com, EZDietPills.net, Ezprescription.net, DoctorRefill.net, PharmacyBliss.net, and
23  Echorx.com (collectively, "Pitcairn"). Through those websites, ARNOLD, PAES, and the other
24  co-conspirators offered to sell to the public various drugs, including controlled substances such
25  as: (a) phendimetrazine, a Schedule III controlled substance; (b) diazapam (also known as
26  Valium), a Schedule IV controlled substance; (c) phentermine, a Schedule IV controlled
27  substance; and (d) clonazepam, a Schedule IV controlled substance (collectively, the "Controlled
28  Substances"). ARNOLD, PAES and their co-conspirators permitted customers to provide their

INDICTMENT                          4

1    credit card information and required them to complete brief on-line questionnaires before
2    ordering specific drugs, including the Controlled Substances. Customers were not required to
3    submit a valid form of identification or a valid prescription for the Controlled Substances they
4    ordered.

5         15.    Unindicted co-conspirator Alfred Valdivieso was a medical doctor licensed only
6    in the Commonwealth of Puerto Rico. As part of the conspiracy, several doctors, including
7    Valdivieso, approved customer orders for controlled substances that were not for a legitimate
8    medical purpose and when the doctor was not acting in the usual course of his or her professional
9    practice.

10        16.    The completed on-line questionnaires were made available through Pitcairn to,
11   among others, unindicted co-conspirator Alfredo Valdivieso, who purported to review the on-line
12   questionnaires and approve a prescription for the Controlled Substances requested by the
13   customers. The on-line questionnaires asked the customers to briefly describe their medical
14   history. At no time during the questionnaire review process did Valdivieso or any other
15   approving physician physically examine and obtain a complete medical history from the
16   customers. Nor did Valdivieso or any other approving physician make any effort to confirm the
17   accuracy of the information provided by the customers in the on-line questionnaires. Rather,
18   after purportedly reviewing only the customers' on-line questionnaires, unindicted co-conspirator
19   Valdivieso or another approving physician authorized a purported prescription for the Controlled
20   Substances requested by the customers.

21        17.    After Valdivieso or another approving physician authorized a purported
22   prescription for the Controlled Substances, owners and employees of various fulfillment
23   pharmacies in various locations across the United States accessed the Pitcairn computer program
24   in order to locate customer orders for which Valdivieso or another approving physician
25   purportedly authorized prescriptions. Those fulfillment pharmacies then filled and shipped the
26   Controlled Substances to the customers.

27        18.    Defendant Salvatore LAMORTE acted as a consultant to Internet and fulfillment
28   pharmacies, including Pitcairn. In this role, defendant LAMORTE assisted Pitcairn by locating

INDICTMENT                                    5

1  and negotiating with fulfillment pharmacies that agreed to fill drug orders from Pitcairn.
2  Defendant LAMORTE also assisted fulfillment pharmacies that filled for Pitcairn by providing
3  technical and practical advice, training and assistance, thereby allowing the fulfillment
4  pharmacies to operate more efficiently and fill more orders for Pitcairn and other online
5  pharmacies. LAMORTE was paid a commission for his services.

6      19.    Defendant Jeffrey HERHOLZ owned and operated Kwic Fill, a fulfillment
7  pharmacy that filled drug orders for Pitcairn as well as other Internet pharmacies. Defendant
8  Darrell CREQUE acted as the pharmacist for Kwic Fill and filled orders for controlled
9  substances that were not supported by valid prescriptions.

10      20.    The Controlled Substances were shipped to the customers via Federal Express or
11  United Parcel Service under various account numbers held and used by defendants ARNOLD,
12  PAES, and others.

13      21.    Defendants PAES and ARNOLD obtained credit card processing services from
14  Optimal Payments. ARNOLD, PAES, and their co-conspirators caused the credit card
15  processors to charge sales of the Controlled Substances to the credit cards provided by the
16  customers. The customers' funds were transferred from accounts in the United States to a bank
17  in Canada. Proceeds from the credit card sales were wire transferred from the bank in Canada
18  through a corresponding account in the United States and deposited into bank accounts
19  controlled by defendants ARNOLD and PAES in foreign countries. Over $55 million in
20  proceeds from the sale of Controlled Substances was transferred from Optimal Payments to
21  accounts controlled by ARNOLD and PAES.

22      22.    Defendants ARNOLD and PAES collected the proceeds of the sale of the
23  Controlled Substances and paid defendant HERHOLZ, Valdivieso and others for their roles in
24  the conspiracy.

25      23.    On November 8, 2005, J.T. died as a result of overdosing on controlled substances
26  ordered from online pharmacies including Pitcairn, owned and operated by ARNOLD and PAES.
27  III.    United Mail Pharmacy Services / Pharmizon Conspiracy

28      24.    Robert Smoley, together with others, created and operated a number of Internet

INDICTMENT    6

1  pharmacy websites, including but not limited to Myrxeasy.com, Universalrxonline.com,
2  Ezrxovernight.com, pills-delivered.com, and Urgentmeds.com (collectively, "Pharmizon").
3  Through those websites, Smoley and his co-conspirators offered to sell to the public various
4  drugs, including controlled substances such as: (a) phendimetrazine, a Schedule III controlled
5  substance; (b) diazapam (also known as Valium), a Schedule IV controlled substance; (c)
6  phentermine, a Schedule IV controlled substance; and (d) clonazepam, a Schedule IV controlled
7  substance (collectively, the "Controlled Substances").  Smoley and his co-conspirators permitted
8  customers to provide their credit card information and required them to complete brief on-line
9  questionnaires before ordering specific drugs, including the Controlled Substances.  Customers
10  were not required to submit a valid form of identification or a valid prescription for the
11  Controlled Substances they ordered.

12    25.  As part of the conspiracy, several doctors approved customer orders for controlled
13  substances that were not for a legitimate medical purpose and when the doctor was not acting in
14  the usual course of his or her professional practice.

15    26.  The completed on-line questionnaires were made available through Pharmizon to
16  physicians who purported to review the on-line questionnaires and approve a prescription for the
17  Controlled Substances requested by the customers.  The on-line questionnaires asked the
18  customers to briefly describe their medical history.  At no time during the questionnaire review
19  process did any approving physician physically examine and obtain a complete medical history
20  from the customers.  Nor did any approving physician make any effort to confirm the accuracy of
21  the information provided by the customers in the on-line questionnaires.  Rather, after
22  purportedly reviewing only the customers' on-line questionnaires, the approving physician
23  authorized a purported prescription for the Controlled Substances requested by the customers.

24    27.  After the approving physician authorized a purported prescription for the
25  Controlled Substances, owners and employees of the fulfillment pharmacy United Mail
26  Pharmacy Services (UMPS), as well as various other fulfillment pharmacies in various locations
27  across the United States, accessed Pharmizon in order to locate customer orders for which the
28  approving physician purportedly authorized prescriptions.  UMPS or another fulfillment

INDICTMENT                                                      7

1   pharmacy then filled and shipped the Controlled Substances to the customers.

2       28.     Defendant ENTEL operated affiliate marketing websites, a call center, and the
3   Internet pharmacy ESolutions that used United Mail Pharmacy Services as a fulfillment
4   pharmacy.

5       29.     Defendant Steven PAUL acted as an agent for credit card processors and assisted
6   Smoley with obtaining credit card processing services.   Smoley and his co-conspirators caused
7   the credit card processors to charge sales of the Controlled Substances to the credit cards
8   provided by the customers.  Proceeds from the credit card sales were wire transferred from the
9   bank in Israel to bank accounts controlled by Smoley in the United States.  Over $40 million in
10  proceeds from the sale of Controlled Substances were transferred to accounts controlled by
11  Smoley.

12      30.     The Controlled Substances were shipped to the customers via Federal Express,
13  United Parcel Service, or DHL under various account numbers held and used by defendant
14  Smoley and others.

15      31.     Defendant Smoley collected the proceeds of the sale of the Controlled Substances
16  and paid the doctors, pharmacies, and others for their roles in the conspiracy.

17

18  COUNT ONE:  (Title 21, United States Code, Section 846)

19                      (Safescripts Online Distribution Conspiracy)

20      32.     The allegations in paragraphs 1 through 31 are realleged and incorporated as if
21  fully set forth in this paragraph.

22      33.     Beginning at a time unknown to the grand jury but no later than November of
23  2004 and ending in or about December of 2006, both dates being approximate and inclusive,
24  within the Northern District of California, and elsewhere, defendants:

25                          Christopher NAPOLI,
                            Daniel JOHNSON,
26                          Salvatore LAMORTE,
                            Steven PAUL,
27                          Jeffrey ENTEL,
                            Joseph CAROZZA,
28                          Jeffrey HERHOLZ, and
                            Darrell CREQUE,

INDICTMENT                          8

1  together with others known and unknown to the grand jury, conspired to distribute, and to

2  possess with intent to distribute outside the scope of professional practice and not for a legitimate

3  medical purpose one or more controlled substances, knowing and intending that the distribution

4  and possession with intent to distribute was outside the scope of professional practice and not for

5  a legitimate medical purpose, which offense involved substances containing (a) phendimetrazine,

6  a Schedule III controlled substance; (b) diazepam, a Schedule IV controlled substance; (c)

7  phentermine, a Schedule IV controlled substance; and (d) clonazepam, a Schedule IV controlled

8  substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title

9  21, United States Code, Sections 846, 841(b)(1)(D) and 841(b)(2).

10

11  COUNT TWO: (Title 21, United States Code, Section 841(a)(1))

12  (Safescripts Online Distribution)

13  34.    The allegations in paragraphs 1 through 33 are realleged and incorporated as if

14  fully set forth in this paragraph.

15  35.    On or about February 24, 2006, within the Northern District of California and

16  elsewhere, defendants:

17  Christopher NAPOLI,
    Daniel JOHNSON,
18  Salvatore LAMORTE,
    Joseph CAROZZA,
19  Jeffrey HERHOLZ, and
    Darrell CREQUE,
20

21  together with others known and unknown to the grand jury, did knowingly and intentionally

22  distribute, and possess with intent to distribute outside the scope of professional practice and not

23  for a legitimate medical purpose one or more controlled substances, knowing and intending that

24  the distribution and possession with intent to distribute was outside the scope of professional

25  practice and not for a legitimate medical purpose, which offense involved a substance containing:

26  phentermine, a Schedule IV controlled substance, in violation of Title 21, United States Code,

27  Sections 841(a)(1) and (b)(2).

28  ///

INDICTMENT                                    9

1 | COUNT THREE: (Title 18, United States Code, Section 1956(h))

2 | (Safescripts Online Money Laundering Conspiracy)

3 | 36. The allegations in paragraphs 1 through 35 are realleged and incorporated as if

4 | fully set forth in this paragraph.

5 | 37. Beginning at a time unknown to the grand jury but no later than November of

6 | 2004 and ending in or about December of 2006, both dates being approximate and inclusive,

7 | within the Northern District of California and elsewhere, defendants:

8 | Christopher NAPOLI,
Daniel JOHNSON,
9 | Salvatore LAMORTE,
Steven PAUL,
10 | Jeffrey ENTEL,
Joseph CAROZZA, and
11 | Jeffrey HERHOLZ,

12 | together with others known and unknown to the grand jury, did knowingly and intentionally

13 | conspire to transport, transmit, and transfer monetary instruments and funds from a place in the

14 | United States to and through a place outside the United States, and to a place in the United States

15 | from and through a place outside the United States, with the intent to promote the carrying on of

16 | specified unlawful activity, to wit: unlawful distribution of controlled substances in violation of

17 | Title 21, United States Code, Sections 841(a), 841(b) and 846, which conduct was in violation of

18 | Title 18, United States Code, Section 1956(a)(2)(A), all in violation of Title 18, United States

19 | Code, Section 1956(h).

20 |

21 | CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS ONE AND TWO

22 | (Distribution Conspiracy and Distribution)

23 | 38. Upon conviction of the offenses alleged in Counts One and Two, the defendants

24 | Christopher NAPOLI,
Daniel JOHNSON,
25 | Salvatore LAMORTE,
Steven PAUL,
26 | Jeffrey ENTEL,
Joseph CAROZZA,
27 | Jeffrey HERHOLZ, and
Darrell CREQUE,
28 |

INDICTMENT 10

1 || shall forfeit to the United States all right, title and interest in property constituting and derived

2 || from any proceeds defendant obtained, directly or indirectly, as a result of said violation, and any

3 || property used, or intended to be used, in any manner or part, to commit, or to facilitate the

4 || commission of the said violation, including but not limited to the following:

5 || Defendant NAPOLI

6 |    a.    1997 Lamborghini Diablo, VIN ZA9RU37P6VLA12636;

7 |    b.    2006 Porsche Cayenne Turbo, VIN WP1AC29P96LA91296;

8 |    c.    $8,692.42 in funds seized from a Commerce Bank account held in the the name of PSA, LLC;

9
10 |    d.    $6,314.76 in funds seized from a Commerce Bank Account held in the the name of Pharmacy USA, LLC;

11 |    e.    $1,076,636.89 in funds seized from a TD Ameritrade Account held in the name of Christopher Napoli;

12
13 |    f.    $87,680.65 in funds seized from Ohio National Life Insurance Corporation, Acct # 1574294;

14 |    g.    $29,981.40 in funds seized from Bank of Nevada Acct # xxxx9200 held in the name of ZZR Enterprises, Inc.;

15
16 |    h.    $40,000 in funds Seized from Compass Bank, MoneyMarket Acct # XXXX3452;

17 |    i.    $50,000 in funds Seized from Pershing LLC, Brokerage Acct #XXXXX5731;

18
19 |    j.    U.S. Treasury Check in the amount of $136,497.02.

20 || Defendant LAMORTE

21 |    a.    2006 Maserati Quattroporte;

22 |    b.    $14,225 in funds seized from Commerce Bank Acct # xxxxxx5976;

23 |    c.    $743,918.10 in funds seized from Commerce Bank Acct # xxxxxx4167;

24 |    d.    $5,232.15 in funds seized from Commerce Bank Acct # xxxxxx5976;

25 |    e.    $63,989.45 in funds seized from Wachovia Bank Acct # xxxxxxxxx2442.

26 || If, as a result of any act or omission of the defendant, any of said property:

27 |    a.    cannot be located upon the exercise of due diligence;

28 |    b.    has been transferred or sold to, or deposited with, a third person;

INDICTMENT                                11

| | | |
|---|---|---|

1            c.   has been placed beyond the jurisdiction of the Court;

2            d.   has been substantially diminished in value; or

3            e.   has been commingled with other property which cannot be divided without difficulty;

4

5 any and all interest defendant has in any other property (not to exceed the value of the forfeitable

6 property) shall be forfeited to the United States.

7         All in violation of Title 21, United States Code, Sections 853(a)(1) and (2), (p), and Rule

8 32.2 of the Federal Rules of Criminal Procedure.

9

10 <center>CRIMINAL FORFEITURE ALLEGATION AS TO COUNT THREE</center>

11 <center>(Money Laundering Conspiracy)</center>

12     39.   Upon conviction of the offense alleged in Count Three, the defendants

13 <center>Christopher NAPOLI,<br>Daniel JOHNSON,</center>

14 <center>Salvatore LAMORTE,<br>Steven PAUL,</center>

15 <center>Jeffrey ENTEL,<br>Dr. Joseph CAROZZA, and</center>

16 <center>Jeffrey HERHOLZ,</center>

17 shall forfeit to the United States all right, title and interest in any property real and personal

18 involved in such offense, and any property traceable to such property, including but not limited to

19 any property constituting and derived from any proceeds defendant obtained, directly or

20 indirectly, as a result of the underlying specified unlawful activity, and any property used, or

21 intended to be used, in any manner or part, to commit, or to facilitate the commission of the said

22 violation, including but not limited to the following:

23 Defendant NAPOLI

24       a.   1997 Lamborghini Diablo, VIN ZA9RU37P6VLA12636;

25       b.   2006 Porsche Cayenne Turbo, VIN WP1AC29P96LA91296;

26       c.   $8,692.42 in funds seized from a Commerce Bank Account held in the name of PSA, LLC;

27

28       d.   $6,314.76 in funds seized from a Commerce Bank Account Held in the name of Pharmacy USA, LLC;

INDICTMENT         12

1        e.    $1,076,636.89 in funds seized from a TD Ameritrade Account held in the name of Christopher Napoli;

2        f.    $87,680.65 in funds seized from Ohio National Life Insurance
3            Corporation, Acct # 1574294;

4        g.    $29,981.40 in funds seized from Bank of Nevada Acct # xxxx9200 held in the name of ZZR Enterprises, Inc.;

5        h.    $40,000 in funds seized from Compass Bank, MoneyMarket Acct
6            # XXXX3452;

7        i.    $50,000 in funds seized from Pershing LLC, Brokerage Acct
             #XXXXX5731;

8        j.    U.S. Treasury Check in the amount of $136,497.02.

Defendant LAMORTE

        a.    2006 Maserati Quattroporte;

        b.    $14,225 in funds seized from Commerce Bank Acct # xxxxxx5976;

        c.    $743,918.10 in funds seized from Commerce Bank Acct # xxxxxx4167;

        d.    $5,232.15 in funds seized from Commerce Bank Acct # xxxxxx5976;

        e.    $63,989.45 in funds seized from Wachovia Bank Acct # xxxxxxxxx2442.

If, as a result of any act or omission of the defendant, any of said property:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third person;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty;

any and all interest defendant has in any other property (not to exceed the value of the forfeitable

property) shall be forfeited to the United States.

All in violation of Title 18, United States Code, Section 982, and Rule 32.2 of the

Federal Rules of Criminal Procedure.

///

///

INDICTMENT             13

1 COUNT FOUR: (Title 21, United States Code, Section 846)

2 (Pitcairn Distribution Conspiracy)

3 40. The allegations in paragraphs 1 through 31 are realleged and incorporated as if

4 fully set forth in this paragraph.

5 41. Beginning at a time unknown to the grand jury, but no later than May of 2003 and

6 ending in or about April of 2007, both dates being approximate and inclusive, within the

7 Northern District of California, and elsewhere, defendants:

8 Salvatore LAMORTE,
Michael ARNOLD,
9 Diego Podolsky PAES,
Jeffrey HERHOLZ, and
10 Darrell CREQUE,

11 together with others known and unknown to the grand jury, conspired to distribute, and to

12 possess with intent to distribute outside the scope of professional practice and not for a legitimate

13 medical purpose one or more controlled substances, knowing and intending that the distribution

14 and possession with intent to distribute was outside the scope of professional practice and not for

15 a legitimate medical purpose, which offense involved substances containing (a) phendimetrazine,

16 a Schedule III controlled substance; (b) diazapam, a Schedule IV controlled substance; (c)

17 phentermine, a Schedule IV controlled substance; and (d) clonazepam, a Schedule IV controlled

18 substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title

19 21, United States Code, Sections 846, 841(b)(1)(D) and 841(b)(2).

20

21 COUNT FIVE: (Title 21, United States Code, Section 841(a)(1))

22 (Pitcairn Distribution)

23 42. The allegations in paragraphs 1 through 31 and 40 through 41 are realleged and

24 incorporated as if fully set forth in this paragraph.

25 43. On or about November 18, 2005, within the Northern District of California and

26 elsewhere, defendants:

27 Salvatore LAMORTE,
Michael ARNOLD, and
28 Diego Podolsky PAES,

INDICTMENT 14

1 together with others, did knowingly and intentionally distribute, and possess with intent to
2 distribute outside the scope of professional practice and not for a legitimate medical purpose one
3 or more controlled substances, knowing and intending that the distribution and possession with
4 intent to distribute was outside the scope of professional practice and not for a legitimate medical
5 purpose, which offense involved a substance containing: phentermine, a Schedule IV controlled
6 substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(2).

7

8 COUNT SIX: (Title 21, United States Code, Section 841(a)(1))

9                                  (Pitcairn Distribution)

10      44.      The allegations in paragraphs 1 through 31 and 40 through 43 are realleged and
11 incorporated as if fully set forth in this paragraph.

12      45.      On or about December 3, 2005, within the Northern District of California and
13 elsewhere, defendants:

14                              Salvatore LAMORTE,
                               Michael ARNOLD, and
15                             Diego Podolsky PAES,

16 together with others, did knowingly and intentionally distribute, and possess with intent to
17 distribute outside the scope of professional practice and not for a legitimate medical purpose one
18 or more controlled substances, knowing and intending that the distribution and possession with
19 intent to distribute was outside the scope of professional practice and not for a legitimate medical
20 purpose, which offense involved a substance containing: phentermine, a Schedule IV controlled
21 substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(2).

22

23 COUNT SEVEN: (Title 21, United States Code, Section 841(a)(1))

24                                 (Pitcairn Distribution)

25      46.      The allegations in paragraphs 1 through 31 and 40 through 45 are realleged and
26 incorporated as if fully set forth in this paragraph.

27      47.      On or about December 3, 2005, within the Northern District of California and
28 elsewhere, defendants:

INDICTMENT                              15

1 | Salvatore LAMORTE,
Michael ARNOLD, and
2 | Diego Podolsky PAES,

3 together with others, did knowingly and intentionally distribute, and possess with intent to

4 distribute outside the scope of professional practice and not for a legitimate medical purpose one

5 or more controlled substances, knowing and intending that the distribution and possession with

6 intent to distribute was outside the scope of professional practice and not for a legitimate medical

7 purpose, which offense involved a substance containing: phentermine, a Schedule IV controlled

8 substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(2).

9

10 COUNT EIGHT: (Title 21, United States Code, Section 841(a)(1))

11 | (Pitcairn Distribution)

12 | 48. The allegations in paragraphs 1 through 31 and 40 through 47 are realleged and

13 incorporated as if fully set forth in this paragraph.

14 | 49. On or about March 2, 2006, within the Northern District of California and

15 elsewhere, defendants:

16 | Salvatore LAMORTE,
Michael ARNOLD, and
17 | Diego Podolsky PAES,

18 together with others, did knowingly and intentionally distribute, and possess with intent to

19 distribute outside the scope of professional practice and not for a legitimate medical purpose one

20 or more controlled substances, knowing and intending that the distribution and possession with

21 intent to distribute was outside the scope of professional practice and not for a legitimate medical

22 purpose, which offense involved a substance containing: phentermine, a Schedule IV controlled

23 substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(2).

24

25 COUNT NINE: (Title 18, United States Code, Section 1956(h))

26 | (Pitcairn Money Laundering Conspiracy)

27 | 50. The allegations in paragraphs 1 through 31 and 40 through 49 are realleged and

28 incorporated as if fully set forth in this paragraph.

INDICTMENT                                         16

1    51.    Beginning at a time unknown to the grand jury, but no later than May of 2003 and

2  ending in or about August of 2007, both dates being approximate and inclusive, within the

3  Northern District of California and elsewhere, defendants:

4                          Salvatore LAMORTE,
                             Michael ARNOLD,
5                          Diego Podolsky PAES, and
                              Jeffrey HERHOLZ,
6  together with others known and unknown to the grand jury, did knowingly and intentionally

7  conspire to transport, transmit, and transfer monetary instruments and funds from a place in the

8  United States to and through a place outside the United States, and to a place in the United States

9  from and through a place outside the United States, with the intent to promote the carrying on of

10  specified unlawful activity, to wit: unlawful distribution of controlled substances in violation of

11  Title 21, United States Code, Sections 841(a), 841(b) and 846, which conduct was in violation of

12  Title 18, United States Code, Section 1956(a)(2)(A), all in violation of Title 18, United States

13  Code, Section 1956(h).

14

15        CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS FOUR THROUGH EIGHT

16                        (Distribution Conspiracy and Distribution)

17    52.    Upon conviction of the offenses alleged in Counts Four through Eight, the

18  defendants:

19                          Salvatore LAMORTE,
                             Michael ARNOLD,
20                         Diego Podolsky PAES,
                             Jeffrey HERHOLZ, and
21                           Darrell CREQUE,

22  shall forfeit to the United States all right, title and interest in property constituting and derived

23  from any proceeds defendant obtained, directly or indirectly, as a result of said violation, and any

24  property used, or intended to be used, in any manner or part, to commit, or to facilitate the

25  commission of the said violation, including but not limited to the following:

26  Defendant LAMORTE

27            a.    2006 Maserati Quattroporte;

28            b.    $14,225 in funds seized from Commerce Bank Acct # xxxxxx5976;

INDICTMENT                          17

| | | c. | $743,918.10 in funds seized from Commerce Bank Acct # xxxxxx4167; |

1      c.    $743,918.10 in funds seized from Commerce Bank Acct # xxxxxx4167;

2      d.    $5,232.15 in funds seized from Commerce Bank Acct # xxxxxx5976;

3      e.    $63,989.45 in funds seized from Wachovia Bank Acct # xxxxxxxxx2442.

4 Defendant ARNOLD

5      a.    Real Property located at 205 Se Spanish Trail, Boca Raton, Florida.

6 If, as a result of any act or omission of the defendant, any of said property:

7      a.    cannot be located upon the exercise of due diligence;

8      b.    has been transferred or sold to, or deposited with, a third person;

9      c.    has been placed beyond the jurisdiction of the Court;

10      d.    has been substantially diminished in value; or

11      e.    has been commingled with other property which cannot be divided without difficulty;

12

13 any and all interest defendant has in any other property (not to exceed the value of the forfeitable

14 property) shall be forfeited to the United States.

15      All in violation of Title 21, United States Code, Sections 853(a)(1) and (2), (p), and Rule

16 32.2 of the Federal Rules of Criminal Procedure.

17

18            CRIMINAL FORFEITURE ALLEGATION AS TO COUNT NINE

19                    (Money Laundering Conspiracy)

20    53.    Upon conviction of the offense alleged in Count Nine, the defendants

21                      Salvatore LAMORTE,
                       Michael ARNOLD,

22                  Diego Podolsky PAES, and
                     Jeffrey HERHOLZ,

23

24 shall forfeit to the United States all right, title and interest in any property real and personal

25 involved in such offense, and any property traceable to such property, including but not limited to

26 any property constituting and derived from any proceeds defendant obtained, directly or

27 indirectly, as a result of the underlying specified unlawful activity, and any property used, or

28 intended to be used, in any manner or part, to commit, or to facilitate the commission of the said

INDICTMENT                18

1 | violation, including but not limited to the following:

2

3 | Defendant LAMORTE

4 |             a.     2006 Maserati Quattroporte;

5 |             b.     $14,225 in funds seized from Commerce Bank Acct # xxxxxx5976;

6 |             c.     $743,918.10 in funds seized from Commerce Bank Acct # xxxxxx4167;

7 |             d.     $5,232.15 in funds seized from Commerce Bank Acct # xxxxxx5976;

8 |             e.     $63,989.45 in funds seized from Wachovia Bank Acct # xxxxxxxxx2442.

9 | Defendant ARNOLD:

10 |             a.     Real Property located at 205 Se Spanish Trail, Boca Raton, Florida.

11 | If, as a result of any act or omission of the defendant, any of said property:

12 |             a.     cannot be located upon the exercise of due diligence;

13 |             b.     has been transferred or sold to, or deposited with, a third person;

14 |             c.     has been placed beyond the jurisdiction of the Court;

15 |             d.     has been substantially diminished in value; or

16 |             e.     has been commingled with other property which cannot be divided without difficulty;

17

18 | any and all interest defendant has in any other property (not to exceed the value of the forfeitable

19 | property) shall be forfeited to the United States.

20 |      All in violation of Title 18, United States Code, Section 982, and Rule 32.2 of the

21 | Federal Rules of Criminal Procedure.

22

23 | COUNT TEN: (Title 21, United States Code, Section 846)

24 |               (United Mail Pharmacy Services/Pharmizon Conspiracy)

25 |      54.     The allegations in paragraphs 1 through 31 are realleged and incorporated as if

26 | fully set forth in this paragraph.

27 |      55.     Beginning at a time unknown to the grand jury but no later than January of 2006

28 | and ending in or about March of 2008, both dates being approximate and inclusive, within the

INDICTMENT                     19

1 | Northern District of California, and elsewhere, defendants:

2 | Steven PAUL,
Jeffrey ENTEL, and
3 | Dino ANTONIONI,

4 | together with others known and unknown to the grand jury, conspired to distribute, and to

5 | possess with intent to distribute outside the scope of professional practice and not for a legitimate

6 | medical purpose one or more controlled substances, knowing and intending that the distribution

7 | and possession with intent to distribute was outside the scope of professional practice and not for

8 | a legitimate medical purpose, which offense involved substances containing (a) phendimetrazine,

9 | a Schedule III controlled substance; (b) diazepam, a Schedule IV controlled substance; (c)

10 | phentermine, a Schedule IV controlled substance; and (d) clonazepam, a Schedule IV controlled

11 | substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title

12 | 21, United States Code, Sections 846, 841(b)(1)(D) and 841(b)(2).

13 |

14 | COUNT ELEVEN: (Title 21, United States Code, Section 846)

15 | (United Mail Pharmacy Services/Pharmizon Attempted Possession with Intent to Distribute)

16 | 56. The allegations in paragraphs 1 through 31 and 54 through 55 are realleged and

17 | incorporated as if fully set forth in this paragraph.

18 | 57. On or about February 20, 2008, within the Northern District of California and

19 | elsewhere, defendants:

20 | Jeffrey ENTEL, and
Dino ANTONIONI,
21 |

22 | together with others, did knowingly and intentionally attempt to possess with intent to distribute

23 | outside the scope of professional practice and not for a legitimate medical purpose one or more

24 | controlled substances, knowing and intending that the distribution and possession with intent to

25 | distribute was outside the scope of professional practice and not for a legitimate medical purpose,

26 | which offense involved substances containing (a) phendimetrazine, a Schedule III controlled

27 | substance; (b) diazepam, a Schedule IV controlled substance; (c) phentermine, a Schedule IV

28 | controlled substance; and (d) clonazepam, a Schedule IV controlled substance, in violation of

INDICTMENT 20

1 | Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and 841(b)(2), all in violation of
2 | Title 21, United States Code, Section 846.

3 |

4 | COUNT TWELVE: (Title 18, United States Code, Section 1956(h))

5 | (United Mail Pharmacy Services/Pharmizon Money Laundering Conspiracy)

6 | 58. The allegations in paragraphs 1 through 31 and 54 through 57 are realleged and
7 | incorporated as if fully set forth in this paragraph.

8 | 59. Beginning at a time unknown to the grand jury but no later than January of 2006
9 | and ending in or about March of 2008, both dates being approximate and inclusive, within the
10 | Northern District of California and elsewhere, defendants:

11 | Steven PAUL,
Jeffrey ENTEL, and
12 | Dino ANTONIONI,

13 | together with others known and unknown to the grand jury, did knowingly and intentionally
14 | conspire to transport, transmit, and transfer monetary instruments and funds from a place in the
15 | United States to and through a place outside the United States, and to a place in the United States
16 | from and through a place outside the United States, with the intent to promote the carrying on of
17 | specified unlawful activity, to wit: unlawful distribution of controlled substances in violation of
18 | Title 21, United States Code, Sections 841(a), 841(b) and 846, which conduct was in violation of
19 | Title 18, United States Code, Section 1956(a)(2)(A), all in violation of Title 18, United States
20 | Code, Section 1956(h).

21 |

22 | COUNT THIRTEEN: (Title 18, United States Code, Section 1956(a)(2)(A))

23 | (Pharmizon/United Mail Pharmacy Services International Money Laundering)

24 | 60. The allegations in paragraphs 1 through 31 and 54 through 59 are realleged and
25 | incorporated as if fully set forth in this paragraph.

26 | 61. On or about February 15, 2008, within the Northern District of California and
27 | elsewhere, defendants:

28 | Jeffrey ENTEL, and
Dino ANTONIONI,

INDICTMENT 21

1  did knowingly and intentionally transport, transmit, and transfer monetary instruments and funds

2  to a place in the United States from and through a place outside the United States, with the intent

3  to promote the carrying on of specified unlawful activity, to wit: unlawful distribution of

4  controlled substances in violation of Title 21, United States Code, Sections 841(a), 841(b) and

5  846, which conduct was in violation of Title 18, United States Code, Section 1956(a)(2)(A).

6

7  CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNTS ELEVEN AND TWELVE

8  (Distribution Conspiracy and Attempted Distribution)

9  62.    Upon conviction of the offenses alleged in Counts Ten and Eleven, the

10  defendants:

11  Steven PAUL,
   Jeffrey ENTEL, and
12  Dino ANTONIONI,

13  shall forfeit to the United States all right, title and interest in property constituting and derived

14  from any proceeds defendant obtained, directly or indirectly, as a result of said violation, and any

15  property used, or intended to be used, in any manner or part, to commit, or to facilitate the

16  commission of the said violation.

17  If, as a result of any act or omission of the defendant, any of said property:

18         a.     cannot be located upon the exercise of due diligence;

19         b.     has been transferred or sold to, or deposited with, a third person;

20         c.     has been placed beyond the jurisdiction of the Court;

21         d.     has been substantially diminished in value; or

22         e.     has been commingled with other property which cannot be divided without
                  difficulty;
23

24  any and all interest defendant has in any other property (not to exceed the value of the forfeitable

25  property) shall be forfeited to the United States.

26  All in violation of Title 21, United States Code, Sections 853(a)(1) and (2), (p), and Rule

27  32.2 of the Federal Rules of Criminal Procedure.

28

INDICTMENT                    22

| | |
|---|---|
| 1 | CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWELVE AND THIRTEEN |
| 2 | (Money Laundering Conspiracy and International Money Laundering) |

63. Upon conviction of the offenses alleged in Count Twelve and Thirteen, the defendants:

<div align="center">

Steven PAUL,
Jeffrey ENTEL, and
DINO ANTONIONI,

</div>

shall forfeit to the United States all right, title and interest in any property real and personal involved in such offense, and any property traceable to such property, including but not limited to any property constituting and derived from any proceeds defendant obtained, directly or indirectly, as a result of the underlying specified unlawful activity, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation.

If, as a result of any act or omission of the defendant, any of said property:

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third person;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be divided without difficulty;

///

///

///

///

///

///

///

///

///

INDICTMENT 23

1  any and all interest defendant has in any other property (not to exceed the value of the forfeitable

2  property) shall be forfeited to the United States.

3      All in violation of Title 18, United States Code, Section 982, and Rule 32.2 of the

4  Federal Rules of Criminal Procedure.

5

6  DATED:                                  A TRUE BILL.

7  December 7, 2010

8                                     FOREPERSON

9  MELINDA HAAG
   United States Attorney

10

11  J. Douglas Wilson

12  J. DOUGLAS WILSON
    Acting Chief, Criminal Division

13

14

15  (Approved as to form: _____ )
                         AUSA AULT

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT                     24