IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER NAPOLI, et al.,<br><br>Defendants. | No. C 10-00642 CRB<br><br>**ORDER DENYING MOTION TO TRANSFER** |

Defendant Christopher Napoli has moved for transfer and severance of this criminal action to the United States District Court for the Eastern District of Pennsylvania.[1] See Mot. for Transfer and Severance. That Motion is DENIED.

## I. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 21(b), "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim or witness, and in the interest of justice." The decision to transfer lies within the discretion of the Court, and the Defendant bears the burden of showing why transfer is warranted. United States v. Polizzi, 500 F.2d

---

[1] Defendant Napoli is changed with participating in what the government has called the Safescripts Online Conspiracy. As part of that Conspiracy, Defendant and others would sell prescription drugs to "patients" who filled out on-line questionnaires and had prescriptions issued after a review of those questionnaires. See Superseding Indictment (dkt. 144) ¶¶ 1-13. A more detailed background is set forth in this Court's Order Denying Motion for Reconsideration, filed contemporaneously herewith.

856, 899 (9th Cir. 1974); <u>United States v. Testa</u>, 548 F.2d 856 (9th Cir. 1977). Where, as here, a defendant is one of many defendants being tried together, the moving defendant's convenience must outweigh the presumption that properly joined defendants ought to be tried together. <u>See</u> <u>Zafiro v. United States</u>, 506 U.S. 534, 537 (1993).

A court presented with a transfer request should, among other things, consider the following ten factors: (1) defendant's location; (2) witnesses' location; (3) location of events likely to be at issue; (4) location of documents; (5) disruption of defendant's business; (6) expense to parties; (7) location of counsel; (8) accessibility of place of trial; (9) docket condition; and (10) any special element affecting the propriety of transfer. <u>Platt v. Minn. Mining & Mnfg. Co.</u>, 376 U.S. 240, 245 (1964).

## II. DISCUSSION

### A. Location of Defendant

Defendant Napoli lives and works in the Philadelphia area. This factor, as the government concedes, weighs in favor of transfer. Opp'n to Mot. for Transfer (dkt. 194) at 10.[2] However, because the Court has waived Defendant Napoli's presence at all non-essential court appearances, the time and financial burden on him has been mitigated.

### B. Location of Witnesses is Neutral

Defendant Napoli will have to travel to San Francisco, and he asserts that he will call at least two witnesses (and possibly several more) on his behalf who are also from the Philadelphia area. However, the government asserts that it will present testimony from at least three case agents located within the Northern District of California. If Defendant Napoli cannot bear the financial burden of transporting his witnesses here, the transportation costs will have to be born by the government. <u>See</u> Fed. R. Crim. P. 17(b).

### C. Location of Events Tips Slightly Toward Transfer

This factor tips slightly toward transfer because Defendant Napoli's oversight of the business at issue in this case took place in Philadelphia. However, the business was a

---

[2] Page citations to e-docketed filings are to the e-page number.

2

1 nationwide drug distribution system that had impacts all across the country, including in the
2 Northern District of California.

### D. Location of Evidence Tips Against Transfer

The government asserts that all (or soon to be all) of the relevant documents and records are in the Northern District of California. The fact that some documents and records may have originally been in Philadelphia is not particularly significant because "[i]t makes little sense to have venue turn on the original location of documents and records that have already been produced to the respective parties." United States v. Motz, 652 F. Supp. 2d 284, 291 (E.D.N.Y. 2009).

### E. Disruption of Defendant's Business Tips in Favor of Transfer

Defendant Napoli apparently has several businesses in the Philadelphia area. His ability to attend to those businesses will no doubt be more affected by requiring him to stand for trial here. However, it is not obvious why those businesses cannot be looked after in his absence by others and/or why he would not be able to oversee them remotely. See United States v. U.S. Steel Corp., 233 F. Supp. 154, 157 (D.C.N.Y. 1964) ("[M]ere . . . interference with one's routine occupational . . . burdens which normally follow when one is called upon to resist a serious charge do not *ipso facto* make the necessary showing that a transfer is required in the interest of justice.").

### F. Expense to Parties Tips Against Transfer

Although Defendant Napoli will have more expenses defending himself here than in Philadelphia, the government's expenses are significantly less if the matter is tried once here.[3] Furthermore, as mentioned, if Defendant Napoli is financially unable to transport his witnesses here, the government will have to bear that cost. Fed. R. Crim. P. 17.

//
//

---

[3] The Superseding Indictment alleges three essentially distinct conspiracies, so it is possible that this Court will have to conduct three trials rather than one. Even if that is the case, the burden and expense on the government of having all those trials here is less than having three trials here and a fourth in Philadelphia.

3

### G. Location of Counsel Does Not Favor Transfer

Defendant Napoli was represented by Philadelphia counsel (lead counsel and his long-time lawyer ) as well as local San Francisco counsel. However, this Court has already disqualified his Philadelphia counsel and, in a separate Order, denies Defendant Napoli's motion for reconsideration of that ruling. Accordingly, Defendant Napoli has counsel in San Francisco, and this factor does not support transfer.

### H. Accessibility of Location and Docket Condition are Neutral

Both San Francisco and Philadelphia are accessible major cities. Neither party has suggested to the Court that district courts in Philadelphia are meaningfully less burdened with cases than is this Court.

### I. Special Elements Favor Denying Napoli's Motion

The best reasons for denying transfer concern the significant efficiency gained by having one trial (or even several) in one location rather than two. Relatedly, because the government asserts that substantially similar evidence will be needed no matter how many times this case is tried, trials on different coasts will not be able to proceed simultaneously. See Testa, 548 F.2d at 857 (severance of trials weighs against transfer); United States v. Morrison, 946 F.2d 484, 489-90 (7th Cir. 1991) (multiple trials and associated expense on government justify denying motion to transfer); United States v. Zylstra, 713 F.2d 1332, 1336 (7th Cir. 1983) (similar). Moreover, depending on which case(s) proceeds first, the delay caused by having trials on different coasts might affect the remaining Defendants' rights to a speedy trial. See Polizzi, 500 F.2d at 899 (delay is a relevant consideration in denying transfer where other factors are "fairly balanced").

//
//
//
//
//
//

4

### III. CONCLUSION

For the foregoing reasons, Defendant Napoli's motion to transfer is DENIED. Should circumstances change – for example, if co-Defendants involved in the Safescripts Online Conspiracy plead or are otherwise dropped as Defendants – Defendant Napoli can bring those changed circumstances to the Court's attention for possible reconsideration of this ruling.

**IT IS SO ORDERED.**

Dated: April 5, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE