SETH P. CHAZIN (CA SBN 133777)
ATTORNEY AT LAW
LAW OFFICES OF SETH P. CHAZIN
1164 Solano Ave
Albany, CA 94706
Telephone: (510) 507-8100
Facsimile: (510) 525-0087

**Attorney for Defendant**
**JEFFREY HERHOLZ**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER NAPOLI, *et al,* <br><br> Defendants. | No. CR-10-0642 CRB <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' POSITIONS RE MEET AND CONFER STATUS STATEMENT <br><br> DATE: August 3, 2011 <br> TIME: 2:00 PM <br> CTRM: Hon. Nathanael Cousins |

TO: THE HONORABLE NATHANAEL COUSINS, ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND THE CLERK OF THE ABOVE-ENTITLED COURT:

**INTRODUCTION**

Defendants Jeffrey Herholz, Salvatore Lamorte, Darrell Creque, and Michael Arnold hereby submit the following Points and Authorities in support of their positions identified in the Joint Status Statement filed earlier today. Again, it is noted that CJA counsel seek to discuss the issue of a discovery coordinator and related matters in a confidential setting at the court's earliest convenience.

## I.

## RULE 16 DISCLOSURE

The defendants believe that a deadline of August 31, 2011, for the disclosure of all Rule 16 material is necessary and reasonable.

Judge Breyer has ordered that pretrial motions be filed by October 12, 2011. The defendants need all Rule16 material far enough in advance of that deadline to be able to thoroughly review the disclosures and prepare motions. Moreover, the defense believes a deadline of August 31 would not prejudice the prosecution. The government has been in possession of this evidence for many years -- the defendants were indicted in this case almost one year ago, and the government filed a forfeiture complaint against Michael Arnold, which alleges the same underlying criminal activity, four years ago. *See United States v. 205 SE Spanish Trail*, C 07-3874 RMW. Thus, there is no reason not to have all Rule 16 material disclosed to the defendants by August 31, 2011. Any later deadline for disclosure of Rule 16 material will delay counsels' preparation and potentially impinge on the defendants' ability to be ready for the January 2012 trial date. *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) (en banc) ("[A] district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

## II.

## 404(b) DISCLOSURE

The defendants believe that this information is either already in the possession of the government or otherwise available to it such that this evidence should be disclosed to the defendants by August 31, 2011. *See comments and argument in Argument I above*.

## III.

## EXPERT DISCLOSURES

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' POSITIONS RE MEET AND CONFER STATUS STATEMENT

The defendants propose September 15, 2011 for the government's Rule 26 expert disclosures and October 15, 2011 for defense expert disclosures.

The defense believes that simultaneous disclosure of experts is not possible given that the defense cannot determine whether it needs to present experts until after having had the opportunity to review the government's disclosures. Thus, December 6, 2011 would be too late for the government's expert disclosures, as the defendants will need to conduct further investigation following the receipt of the government's Rule 26 disclosures, as well as potentially retain their own experts to rebut the government's experts once they receive these disclosures from the government. *Daubert* hearings may also be required; thus, the sooner that the defendants receive the government's Rule 26 disclosures, the less the likelihood that the defendant's will require a delay in order to properly prepare the defendants' cases for any such pretrial hearings and for trial. A deadline of October 15 for defense expert disclosures provides the government with ample opportunity to review those disclosures in advance of trial.

## IV.

### *JENCKS* AND *GIGLIO* MATERIAL

The defense submits that allowing counsel and defendants only two days to review *Jencks* and *Giglio* material is inadequate given the complexity of this case, the extraordinary amount of discovery that the defendants need to digest, and given that the government has long been in possession of the relevant material, the defendants request that *Jencks* and *Giglio* material be disclosed to the defense 30 days prior to trial, December 17, 2011.

///

///

///

## V.

### DISCOVERY CUTOFF

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' POSITIONS RE MEET AND CONFER STATUS STATEMENT

The defendants propose August 31, 2011 as the discovery cutoff date (with the exception of expert disclosure, discussed above). As noted above, the government has been investigating these allegations for at least four years, resulting in a tremendous amount of discovery. Given the volume of discovery, the defendants are already preparing for trial. Having to organize and analyze additional discovery in the months to come would be detrimental to the defendants' ability to prepare for trial and potentially cause undue delay of the January trial date. The defense requests that the Court require a showing of good cause to support introduction of any discovery produced after the discovery cutoff. As for *Brady,* the defendants agree that the government has a continuing obligation to immediately disclose to the defense any such evidence that it knows of or reasonably should know of.  ///

## VI.

## INDEX OF DISCOVERY

The defendants seek an order requiring the government to provide an index of discovery disclosed to the defendants. The defendants submit that the Court has the authority to make such an order under the "wide latitude . . . reposed in the district court to carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice." *W.R. Grace*, 526 F.3d at 512 (*quoting United States v. Richter*, 488 F.2d 170, 173-74 (9th Cir.1973)). In this particular case, where the government is disclosing to the defense upwards of 2 terabytes of discovery, the defendants submit that such an order requiring the disclosure of an index of the discovery is necessary and appropriate and will facilitate the defendants' expeditious preparation of the case.

///

///

**DATED:  August 1, 2011**                                  **Respectfully submitted,**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' POSITIONS RE MEET AND CONFER STATUS STATEMENT**

                                          /s/
**SETH P. CHAZIN**
**Attorney for JEFFREY HERHOLZ**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' POSITIONS RE MEET AND CONFER STATUS STATEMENT