1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   KIRSTIN M. AULT (CABN 206052)
    Assistant United States Attorney
5
       450 Golden Gate Ave., Box 36055
6      San Francisco, California 94102
       Telephone:  (415) 436-6940
7      Facsimile: (415) 436- 7234
       E-mail: kirstin.ault@usdoj.gov
8

9   Attorneys for United States of America

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,          )     No.     CR 10-0642 CRB
                                       )
14          Plaintiff,                 )     UNITED STATES' RESPONSE TO
                                       )     DEFENDANTS' MEMORANDUM OF POINTS
15  v.                                 )     AND AUTHORITIES IN SUPPORT OF POSITIONS
                                       )     RE: MEET AND CONFER STATUS STATEMENT
16  CHRISTOPHER NAPOLI, et al.         )
                                       )
17          Defendants.                )
    _____)
18

19                          **INTRODUCTION**

20          The United States has proposed a set of reasonable deadlines that allow the defense

21  ample opportunity to prepare to defend this case at trial.  The deadlines proposed by the defense,

22  which require the United States to produce the bulk of its evidence four and a half months before

23  trial are unreasonable.

24                          **BACKGROUND**

25          Trial in this matter is set to commence on January 17, 2012.  The Court has not yet set a

26  pre-trial conference date, nor has the Court set deadlines for motions in limine and other pre-trial

27  filings.  Defendants have been ordered to file pre-trial motions by October 12, 2011, with a

28  RESPONSE TO DEF'S POINTS & AUTHORITIES
    CR 10-0642 CRB

hearing date of November 16, 2011.  However, the Court has stated that the defendants may file motions after this date upon a showing of good cause demonstrating that the motions could not have been filed by the October 12 deadline.

## DISCUSSION

**A.      A Rule 16 Discovery Deadline That is Four and a Half Months Before Trial is Unreasonable.**

United States Proposal: December 6, 2011

Defense Proposal:      August 31, 2011

The defendants' proposed deadline of August 31, 2011, for disclosure of Rule 16 materials is unreasonable.  This deadline is four and a half months before trial and six weeks before the defendants' pre-trial motions are due.   The United States has been engaged in a rolling production of documents since the defendants were arraigned in September of last year.  Through this process, the United States is producing documents within a short time frame after they come into the government's possession.  However, the United States' investigation is on-going, and additional documents will be collected up until and possibly through trial.  Imposing an unrealistic deadline of more than four months before trial will be counterproductive and, in the end, meaningless, as the United States is already undertaking to produce documents as soon as practicable.

**B.      The 404(b) Disclosure Deadline Proposed by the Defense Will Unreasonably Interfere with the United States' Ability to Prepare for Trial.**

United States Proposal: December 6, 2011

Defense Proposal:      August 31, 2011

The defendants' propose the same August 31 deadline for disclosure of 404(b) information.  The United States has already indicated that it may use any of the documents and information produced to the defense for 404(b) purposes.  However, the United States anticipates providing more specific notification in advance of trial.  Requiring such notification more than four months before trial is unreasonable.  This irrationally early deadline would require the

United States to know not only what evidence it plans to introduce at trial, but the theory under which it will seek admission of that evidence.  Moreover, because a motion to exclude evidence under Rule 404(b) would be made in limine, there is no need for the defense to have the United States' 404(b) evidence or its 404(b) designations in advance of filing pre-trial motions.  The defense will need such information in advance of filing in limine motions, but, as the Court has not yet set a pre-trial conference date or a date for filing in limine motions, setting a date for 404(b) disclosures is premature.

**C.      The Expert Disclosure Deadlines for the Defense and the United States Should Be the Same.**

      United States Proposal: December 6, 2011

      Defense Proposal:      September 15, 2011 for United States disclosures

                            October 15, 2011 for Defense disclosures

The defendants propose a staggered schedule for disclosure of expert reports, with the United States producing its expert reports one month before the defense produces its expert reports.  The rationale for the defense proposal is that the defense experts will need to examine the United States' expert reports in order to formulate rebuttal opinions.  While this is true for rebuttal experts, it is not true for experts that will testify in a non-rebuttal capacity.  Therefore, the United States believes that the same deadlines should apply to both the defense and the United States.  A date should be set for initial expert reports by both sides, with a subsequent date for rebuttal reports by both sides.  Understanding that this proposal will require additional time, the United States revises its suggested deadlines as follows:

      November 8 for initial expert reports

      December 6 for rebuttal expert reports.

**D.      The Statutory Disclosure Deadlines for *Jencks* Material Cannot be Altered by the Court.**

      United States Proposal: January 10, 2011

      Defense Proposal:      December 17, 2011

RESPONSE TO DEF'S POINTS & AUTHORITIES
CR 10-0642 CRB             3

1    By statute, the United States is not required to produce *Jencks* material until after a

2    witness has testified at trial. 18 U.S.C. § 3500(a). Because this provision is set forth in statute, it

3    cannot be changed by the Court. *See United States v. Jones*, 612 F.2d 453, 454 (9th Cir. 1980)

4    (defendant has no right to pre-trial discovery of *Jencks* material); *United States v. Alvarez*, 358

5    F.3d 1194, 1211 (9th Cir. 2004); *see also United States v. Cerna*, 633 F.Supp.2d 1053, 1055-56

6    (N.D.Cal. 2009) (district court has no discretion to order *Jencks* material turned over prior to the

7    witness testifying at trial).

8
9    **E.    The United States Cannot Comply With *Giglio* Obligations Until it Knows Which
        Witnesses It Will Call at Trial.**

10   United States Proposal: January 10, 2011

11   Defense Proposal:    December 17, 2011

12   The defense proposes that the United States turn over *Giglio* information one month prior

13   to trial. However, the United States cannot comply with its *Giglio* obligations until it knows

14   which law enforcement witnesses it will call at trial. The United States must then undertake the

15   process of obtaining *Giglio* information from the relevant agencies. Requiring the production of

16   such information one month before trial unreasonably interferes with the United States' ability to

17   prepare for trial by requiring the United States to know which law enforcement witnesses will be

18   called to testify far in advance of the beginning of trial. Because *Giglio* information is by its

19   very nature impeachment information, there is no need for the defense to have this information a

20   month before trial is scheduled to begin. Rather, the United States' proposal that such

21   information will be provided one week before trial allows the defense ample opportunity to

22   review the information in preparation to cross-examine the United States' law enforcement

23   witnesses.

24   **F.    The Imposition of a Discovery "Cut-Off" Cannot Interfere With the United States'
        Ability to Continue to Investigate Its Case and Prepare for Trial.**

25
26   United States Proposal: Unnecessary

27   Defense Proposal:    August 31, 2011

28
     RESPONSE TO DEF'S POINTS & AUTHORITIES
     CR 10-0642 CRB                    4

The defense has not explained what evidence, if any, would be covered by a "discovery cut-off" that is not already encompassed in the previous discussion. The United States understands that any dates imposed by the Court relate only to information that is in the custody and control of the United States at the time the deadline is reached. The United States will continue to investigate the case and gather evidence up to and through trial, and will produce such evidence to the defendants in a timely fashion. The United States does not believe that it is appropriate for the Court to unreasonably curtail the United States' ability to react to new information it learns as it prepares for trial or to theories of the defense that it has not anticipated by imposing deadlines and "cut-offs" that restrict the introduction of otherwise admissible evidence at trial. This is especially true here, where the deadlines proposed by the defense would require the United States to have completely prepared its case months in advance of the trial date.

## G. Any Discovery Index Created by the United States is Work Product That is Not Subject to Disclosure to the Defense.

The United States has organized the discovery in this case by type and source of document and conspiracy to which it is most relevant. The United States has further produced a Discovery Guide that generally explains the bate range in which each type of document made be found. As a result, the United States has already exceeded its obligations in organizing the discovery for the defense. Any index created by the United States is its work product and is not subject to disclosure to the defense.

## I. All Discovery Deadlines Should be Reciprocal.

As a final note, under Rule 16, the defense has reciprocal discovery obligations to produce documents and objects that they intend to introduce in their case-in-chief at trial, reports of examinations and tests, and expert witness reports. F.R.Cr.P. 16(b). The United States believes that any discovery deadlines imposed should apply equally to both parties.

## CONCLUSION

For the reasons discussed herein, the United States believes that the deadlines requested

by the defense are unreasonable and would unduly restrict the United States' ability to prepare

for trial.  The defendants request that deadlines for producing the bulk of required criminal

discovery be set four weeks hence and over four months before trial is unreasonable and should

be denied.  The deadlines proposed by the United States, which require that the bulk of discovery

be produced 6 weeks before trial, are more reasonable and should be imposed by the Court.


DATED: August 2, 2011                              Respectfully submitted,

                                                   MELINDA HAAG
                                                   United States Attorney

                                                          /s
                                                   _____
                                                   KIRSTIN M. AULT
                                                   Assistant United States Attorney

RESPONSE TO DEF'S POINTS & AUTHORITIES
CR 10-0642 CRB                              6