1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No. C 10-0642 CRB

12            Plaintiff,                    **JURY INSTRUCTIONS**

13   v.

14   CHRISTOPHER NAPOLI ET AL.,

15            Defendants.
                                     /
16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

CHARGE NOT EVIDENCE
PRESUMPTION OF INNOCENCE
BURDEN OF PROOF

This is a criminal case brought by the United States Government.  The government charges all three defendants with conspiracy to distribute controlled substances by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice, as well as distribution of controlled substances by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice.  Defendants Napoli and Johnson are also charged with conspiracy to transfer money into or out of the United States with the intent to promote the unlawful distribution of controlled substances by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice.  The charges against the defendants are contained in the indictment.  The indictment simply describes the charges the government brings against the defendants.  The indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants have the right to remain silent and never has to prove innocence or to present any evidence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DEFENDANT'S DECISION NOT TO TESTIFY
### DEFENDANT'S DECISION TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that a defendant did not testify.

One or more of the defendants have testified.  You should treat this testimony just as you would the testimony of any other witness.

REASONABLE DOUBT

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find that defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

# WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness; and

    (2) the exhibits received in evidence; and

    (3) any facts to which the parties have agreed.

United States District Court
For the Northern District of California

# WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony, exhibits, and stipulations received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

STIPULATIONS

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ACTIVITIES NOT CHARGED

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

In particular, you have heard evidence concerning conduct that post-dated the conspiracy charged in the indictment, which is alleged to have ended in December of 2006. This evidence should not be considered when evaluating the conduct of defendants Napoli and Carozza.  You may consider this post-2006 conduct only as it relates to the charged conspiracy, which is alleged to have occurred from approximately November 2004 through December 2006.  Moreover, evidence concerning Daniel "DJ" Johnson's conduct after 2006 that did not involve other defendants may only be considered by you in evaluating Daniel "DJ" Johnson's state-of-mind during the charged Pharmacy USA/Safescriptsonline conspiracy.   Finally, you may not find any of the defendants guilty of the charged crimes based solely on conduct that occurred after December of 2006.

SEPARATE CONSIDERATION OF MULTIPLE COUNTS AND DEFENDANTS

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES

You have heard testimony from Robyn Bloom and Jeffrey Entel, witnesses who pleaded guilty to a crime relating to some of the events for which the defendants are on trial and who hope to receive favored treatment from the government in connection with this case. The guilty pleas of Ms. Bloom and Mr. Entel are not evidence against the defendants, and you may consider the guilty pleas only in determining the believability of the testimony of Ms. Bloom and Mr. Entel.

For these reasons, in evaluating the testimony of Robyn Bloom and Jeffrey Entel, you should consider the extent to which or whether these witnesses' testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of Robyn Bloom and Jeffrey Entel with greater caution than that of other witnesses.

GOVERNMENT'S USE OF UNDERCOVER AGENTS

You have heard testimony from undercover agents who were involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of undercover agents, in order to investigate criminal activities.  Undercover agents may use false names and appearances and assume the roles of members in criminal organizations.

United States District Court
For the Northern District of California

CONTROLLED SUBSTANCES ACT

The Controlled Substances Act, Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846 make it unlawful for any person knowingly or intentionally to distribute or dispense a controlled substance or to conspire to do so. Medical professionals registered with the Attorney General, such as physicians and pharmacists, are excepted from this general prohibition as long as they comply with the legal requirements of their registration. In these instructions, the term "practitioner" means such an individual licensed or registered to dispense a controlled substance in the usual course of professional practice.

Non-practitioners may also be held accountable for violations of the Controlled Substances Act if they conspire with practitioners such as doctors or pharmacists to unlawfully distribute controlled substances, or aid and abet practitioners in the unlawful distribution of controlled substances, or engage in distribution activities when they have no authority to do so.

It is not enough for the United States to prove that a practitioner committed malpractice, intentional or otherwise. Rather, the United States must prove that the physician used his prescription-writing powers as a means to engage in illicit drug dealing and trafficking.

1

2

MODEL GUIDELINES, STATE LAWS, AND REGULATIONS

You have heard evidence of various model guidelines, regulations and state laws that were in effect when the conduct charged in the indictment is alleged to have occurred.  The defendants are charged with violating federal not state law; however, whether a physician or pharmacist is acting within the usual course of professional practice may be informed by the model guidelines, state laws, and regulations that govern these professions.  Therefore, you may consider the model guidelines, state law, and regulations, along with all other evidence, when determining whether or not the physicians and pharmacists in this case prescribed or distributed controlled substances other than for a legitimate medical purpose and not in the usual course of professional practice.  In assessing the usual course of professional practice you may give the model guidelines, state laws and regulations whatever weight you deem appropriate.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

CONSPIRACY TO DISTRIBUTE OR POSSESS WITH INTENT TO DISTRIBUTE
SCHEDULE III OR IV CONTROLLED SUBSTANCES (21 U.S.C. § 846)

The defendants are charged in Count One of the indictment with conspiring to distribute or possess with intent to distribute Schedule III or IV controlled substances, in violation of Section 846 of Title 21 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, beginning no later than November of 2004, and ending on or about December of 2006, there was an agreement between the defendant and one or more persons to:

(1) distribute Schedule III or IV controlled substances by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice and knowing and intending that the distribution was by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice; or

(2) to possess with intent to distribute Schedule III or IV controlled substances by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice, knowing and intending that the distribution was by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice.

Phendimetrazine (also known as Bontril), Butalbital (also known as Fiorinol), and Didrex (also known as Benzphetamine or Inapetyl) are Schedule III controlled substances.

Phentermine (also known as Adipex, Fastin, Zantryl, and Ionamin), Alprazolam (also known as Xanax), Clonazepam (also known as Rivotril, Clonopin or Klonopin), Diazepam (also known as Valium or Valrelease), Tenuate (also known as Tepanil or Diethylpropion), Lorazepam (also known as Ativan), and Ambien (also known as Zolpidem, Stilnoct, or Ivadal) are Schedule IV controlled substances.

The government does not have to prove that both of the above crimes were committed in order for you to find that the government has established this first element of this

conspiracy charge; however, you must unanimously agree that the government has proven beyond a reasonable doubt that there was an agreement between the defendant and one or more persons involving at least one of the above-charged crimes in order for you to find that the first element has been satisfied.

*Second*, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**United States District Court**
For the Northern District of California

20

MULTIPLE CONSPIRACIES

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were.  If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.  Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

## CONSPIRACY - KNOWLEDGE OF AN ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

*First*, the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

*Second*, the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

*Third*, the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

Not all of the conspirators must be named or charged in the indictment. If you find that the defendant entered into a criminal agreement with one or more persons, you may find him guilty of conspiracy even if the person with whom you find he conspired is not charged or named in the indictment.

22

CONSPIRACY - LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find a defendant guilty of Distributing or Possessing with Intent to Distribute Schedule III or IV controlled substances, as charged in Count Two of the indictment, if the government has proved each of the following elements beyond a reasonable doubt:

1. a person committed the crime of distributing or possessing with intent to distribute Schedule III or IV controlled substances by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice, as alleged in Count Two;

2. the person was a member of the conspiracy charged in Count One of the indictment;

3. the person committed the crime of distributing or possessing with intent to distribute Schedule III or IV controlled substances by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice in furtherance of the conspiracy;

4. the defendant was a member of the same conspiracy at the time the offense charged in Count Two was committed; and

5. the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# WITHDRAWAL FROM CONSPIRACY

Once a person becomes a member of a conspiracy, that person remains a member until that person withdraws from it.  One may withdraw by doing acts which are inconsistent with the purpose of the conspiracy and by making reasonable efforts to tell the co-conspirators about those acts.  You may consider any definite, positive step that shows that the conspirator is no longer a member of the conspiracy to be evidence of withdrawal.

The government must prove beyond a reasonable doubt that the defendant did not withdraw from the conspiracy before the overt act–on which you all agreed–was committed by some member of the conspiracy.

POSSESSING WITH INTENT TO DISTRIBUTE SCHEDULE IV CONTROLLED
SUBSTANCE

The defendants are charged in Count Two of the indictment with possession of
phentermine, a Schedule IV controlled substance, with intent to distribute in violation of
Section 841(a)(1) of Title 21 of the United States Code. In order for a defendant to be found
guilty of that charge, the government must prove each of the following elements beyond a
reasonable doubt:

*First*, the defendant knowingly possessed the controlled substance phentermine on or
about February 24, 2006, in a measurable or detectable amount;

*Second*, the defendant possessed it with the intent to deliver it to another person;

*Third*, the delivery to another person was made by means of a prescription issued by a
physician not for a legitimate medical purpose and not in the course of professional practice;
and

*Fourth*, the defendant knew and intended that the delivery be made by means of a
prescription issued by a physician not for a legitimate medical purpose and not in the usual
course of professional practice.


It does not matter whether the defendant knew that the substance was a SchedulIV
controlled substance. It is sufficient that the defendant knew that it was some kind of a
prohibited drug.


To "possess with intent to distribute" means to possess with intent to deliver or
transfer possession of a controlled substance to another person, with or without any financial
interest in the transaction.

POSSESSION - DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

United States District Court
For the Northern District of California

DISTRIBUTION OF SCHEDULE IV CONTROLLED SUBSTANCE

The defendants are also charged in Count Two of the indictment with distribution of the Schedule IV controlled substance phentermine in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly distributed a Schedule IV controlled substance on or about February 24, 2006;

*Second*, the defendant knew that it was a Schedule IV controlled substance or some other prohibited drug;

*Third*, the distribution was made by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice; and

*Fourth*, the defendant knew and intended that the delivery be made by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice.

It does not matter whether the defendant knew that the substance was a Schedule IV controlled substance. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

"Distributing" means to deliver or transfer possession to another person, with or without any financial interest in that transaction.

27

CONTROLLED SUBSTANCES

In order for a defendant to be found guilty of the charge in Count Two of the indictment, the government is not required to prove the amount or quantity of the Schedule IV controlled substance. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of the Schedule IV controlled substance.

AIDING AND ABETTING

A defendant may be found guilty of distributing or possessing with intent to distribute a Schedule IV controlled substance, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

*First*, the crime of distributing or possessing with intent to distribute a Schedule IV controlled substance by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice was committed by someone;

*Second*, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime; and

*Third*, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person distribute or possess with intent to distribute Schedule IV controlled substances by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice.

The government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

CONSPIRACY TO LAUNDER MONEY (18 U.S.C. § 1956(h))

Defendants Napoli and Johnson are charged in Count Three of the indictment with conspiring to launder money, in violation of Section 1956(h) of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, beginning no later than November of 2004, and ending on or about December of 2006, there was an agreement between the defendant and one or more persons to launder money or monetary instruments.

*Second*, the defendant knew the agreement had an unlawful object or purpose; and

*Third*, the defendant joined in the agreement with the intent to further its unlawful object or purpose.

The crime of laundering money or monetary instruments as charged in this case has the following elements:

*First*, the defendant transported, transmitted or transferred money from a place in the United States to or through a place outside the United States *or* to a place in the United States from or through a place outside the United States; and

*Second*, the defendant acted with the intent to promote the carrying on of the illegal distribution of Schedule III and IV controlled substances by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice.

The term "monetary instrument" includes currency of the United States or of any other country.  All of the instructions regarding conspiracy law that I previously read to you concerning the conspiracy to distribute or possess with intent to distribute controlled substances also apply to the conspiracy to launder money charged in Count Three.

United States District Court
For the Northern District of California

GOOD FAITH

The defendants in this case maintain that at all times their actions were done with a good faith belief that the controlled substances were being distributed by means of a prescription issued by a physician for a legitimate medical purpose and in the usual course of professional practice.

Good faith means an honest belief that the physicians issued the prescriptions for a patient's condition in accordance with the standard of medical practice generally recognized in the country. In other words, the government must prove that the defendants did not have an honest belief that prescriptions were issued by a physician for a legitimate medical purpose and in the usual course of professional practice.

When you consider this "good faith" defense, it is the defendant's belief that is important. It is the sincerity of his belief that determines if he acted in good faith. If the defendant's belief is unreasonable, you may consider that in determining his sincerity of belief, but an unreasonable belief sincerely held is good faith.

The burden is upon the government to prove, beyond a reasonable doubt, that the defendants did not act in good faith. Unless you find beyond a reasonable doubt that the conduct charged against the defendants was not done in good faith, you must find the defendants not guilty of these charges.

The government does not have to prove that a defendant knew he was violating the law. A defendant's belief, even in good faith, that his conduct did not violate the law or that the government lacked the authority to enforce the law in a particular way is not, standing alone, a defense. It is a defendant's good faith belief regarding whether physicians were issuing prescriptions in the usual course of professional practice and for a legitimate medical purpose that you must consider.

In determining whether or not a defendant acted in good faith you may consider all the evidence in the case which relates to that conduct.

**United States District Court**
For the Northern District of California

1

2

## DELIBERATE IGNORANCE

3    You may find that a defendant acted knowingly if you find beyond a reasonable doubt

4 that the defendant:

5    *First*, was aware of a high probability that controlled substances were being

6 distributed by means of a prescription issued by a physician not for a legitimate medical

7 purpose and not in the usual course of professional practice, and

8    *Second*, deliberately avoided learning the truth.

9

10    You may not find such knowledge, however, if you find that the defendant had a good

11 faith belief that controlled substances were being distributed by means of a prescription

12 issued by a physician for a legitimate medical purpose and in the usual course of professional

13 practice, or if you find that the defendant was simply careless.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

32

ADVICE OF COUNSEL

One element that the government must prove beyond a reasonable doubt is that the defendant had the unlawful intent to conspire to distribute a controlled substance by means of a prescription issued by a physician not for a legitimate medical purpose and not in the usual course of professional practice.  Evidence that a defendant in good faith followed the advice of counsel would be inconsistent with such an unlawful intent. Unlawful intent has not been proved if the defendant, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably relied on that advice in good faith.

ON OR ABOUT

The charges allege that the offenses were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on those dates.

**United States District Court**
For the Northern District of California

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

CONSIDERATION OF EVIDENCE - CONDUCT OF JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

1

2

USE OF NOTES

3        Some of you have taken notes during the trial. Whether or not you took notes, you

4   should rely on your own memory of what was said. Notes are only to assist your memory.

5   You should not be overly influenced by your notes or those of your fellow jurors.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise Ms. Espinoza that you are ready to return to the courtroom.

United States District Court
For the Northern District of California

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Ms. Espinoza, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.